Umekki MARSHALL, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–08–00734–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 22, 2009.

Discretionary Review Refused April 28, 2010.

Windi Akins Pasotrini, Winston E. Cochran Jr., Houston, TX., for Appellant.

David C. Newell, Assistant District Attorney, Houston, TX, for Appellee.

Panel consists of Justices JENNINGS, HIGLEY, and SHARP.

## OPINION

JIM SHARP, Justice.

Appellant, Umekki Marshall, was charged by indictment with a single count of theft under $1,500, elevated to a state jail felony by two earlier theft convictions, and then enhanced to third-degree-felony punishment by two prior state jail felony convictions.[1] After a jury trial, appellant was convicted of state jail felony theft. During the punishment phase of the trial, the jury found the enhancement paragraphs to be true and assessed appellant's punishment at six and one-half years imprisonment. In her sole point of error, Marshall contends that the trial court violated her constitutional right to due process of law by giving the venire panel a flawed definition of "reasonable doubt" that "created the risk that one or more members of the jury would impose a lower burden" than what is required. We affirm.

## BACKGROUND

A loss-prevention officer at a Wal–Mart in Spring, Texas, observed Marshall and her two juvenile companions removing hangers from a shopping cart full of clothing. After Marshall placed the garments in used shopping bags, the trio parted ways. Trained to follow the merchandise, the loss-prevention officer followed the juveniles and the clothing to the front of the store while Marshall headed off in another direction. Marshall's juvenile companions pushed the cart toward the exit, making no effort to pay for the clothes in the shopping bags. At that point, the loss-prevention officer detained the juveniles and took them to an on-site security office for questioning. After an investigation by the officer and a Harris County Sheriff's deputy, Marshall was arrested and charged with state felony theft of less than $1,500. She pleaded not guilty to the charge and proceeded to trial.

During voir dire, the trial court explained the State's burden of proof to prospective jurors as follows:

All right. Let's talk then about this burden of proof the State has, this burden of proving the defendant's guilt beyond a reasonable doubt. That burden is set out by the Legislature. It's the same in every single criminal case, whether it's a driving while intoxicated or whether it's capital murder. State has to prove somebody's guilty beyond a reasonable doubt.

Now, the Legislature's told us that's what the standard is that the State has to meet. The only real difficulty for everybody is that the Legislature has not given me a definition that I can give to you. So, when you get the Court's charge, there's going to be a lot of defi-

---

**1.** *See* Tex. Penal Code Ann. § 31.03(e)(4)(D) (Vernon Supp. 2008); Tex. Penal Code Ann. § 12.42(a)(1) (Vernon Supp. 2008).

nitions in it. There just won't be one of beyond a reasonable doubt.

*Basically I guess the Legislature figures everybody is reasonable and they would know a reasonable doubt when they see it.* So, what the Legislature has done is they told us what beyond a reasonable doubt is not. It doesn't mean the State has to prove the defendant's guilt beyond all possible doubt or without any doubt in your mind or 100 percent sure. Because if you think about it, the only way that you'd ever be convinced without a doubt in your mind or 100 percent sure is if you saw the offense being committed, you saw it with your own two eyes or you saw it on videotape, right? That's the only way you could be absolutely positive.

And you know that if you saw the offense being committed, you'd be out in this hallway waiting to come in here and testify, right? Not sitting in here on these hard benches.

(Emphasis added.)

Marshall's trial counsel did not object to the trial court's description of "reasonable doubt" at the time it was given or any time thereafter. Defense counsel did make his own statements regarding reasonable doubt during voir dire which tracked the portions of the court statements now being complained of on appeal. Counsel instructed prospective jurors that "[r]easonable doubt ... is whatever, in your mind, ultimately you believe it to be with some guidance and I can give you just a little guidance but not a definition." Counsel later committed jury members to consider the evidence and apply common sense, "based upon what [they] believe in [their] mind is a reasonable doubt." Defense counsel did not request that a definition of "proof beyond a reasonable doubt" be included in the jury charge. At the conclusion of the jury trial, Marshall was convict-ed and assessed punishment of six and one-half years imprisonment.

## DISCUSSION

■ In her sole point of error, Marshall contends that the "trial court erroneously explained the State's burden of proof by telling prospective jurors that, in effect, they would know it when they see it." According to Marshall "[t]hat standard ... created the risk that one or more members of the jury would impose a lower burden than the Constitution requires."

As a general rule, to preserve an error for appellate review, the complaining party is required to make a "timely, request, objection, or motion." Tex.R.App. P. 33.1(a)(1). This requirement applies to comments made by the trial court during voir dire. *See Fuentes v. State,* 991 S.W.2d 267, 273 (Tex.Crim.App.1999) (holding that appellant waived complaint about trial court's explanation of reasonable-doubt standard during voir dire by failing to renew objection when trial court repeated explanation); *Moore v. State,* 907 S.W.2d 918, 923 (Tex.App.-Houston [1st Dist.] 1995, pet. ref'd) (holding that appellant waived complaint about trial court's comment on weight of evidence during voir dire).

Marshall acknowledges that she did not object to the court's comments during voir dire, but argues that no objection was necessary to preserve her complaint, relying upon *Blue v. State,* 41 S.W.3d 129 (Tex.Crim.App.2000) (plurality op.). The criminal court of appeals in *Blue* held that a trial judge's unobjected-to comments, which tainted the presumption of innocence, amounted to fundamental error and, therefore, no objection was necessary to preserve the complaint for appellate review. Marshall argues that we should reach the same conclusion here because this case involves a judicial comment made

during voir dire that "invite[d] the jury's application of a constitutionally inadequate burden of proof", and "burden of proof is really just the opposite side of the same coin as the presumption of innocence."

We note that *Blue* is a plurality opinion and thus, does not constitute binding precedent. *See Pearson v. State*, 994 S.W.2d 176, 177 n. 3 (Tex.Crim.App.1999). However, even if *Blue* were binding, the present case is distinguishable from *Blue*. In *Blue*, at the beginning of the jury-selection process, the trial judge apologized to the prospective jurors for a long wait, stating:

[This case], which we are going on, is a situation where the attorney has been speaking to his client about what does he want to do. And when you are on the button like these cases, it's a question. Frankly, an offer has been made by the State or do I go to trial. And he has been back and forth so I finally told him I had enough of that, we are going to trial. You have been sitting out here and this is holding up my docket and I can't get anything done until we know if we are going to trial or not.

Frankly, obviously, I prefer the defendant to plead because it gives us more time to get things done and I'm sure not going to come out here and sit. Sorry, the case went away and we were all trying to work toward that and save you time and cost of time, which you have been sitting here and I apologize about that. I told the defendant that. Like I said, I have enough of this and going to trial.

*Blue*, 41 S.W.3d at 130.

■ The plurality in *Blue* found that the trial **judge's** comments regarding the defendant's failure to accept a plea bargain "tainted [defendant's] presumption of innocence in front of the venire" and therefore amounted to "fundamental error of constitutional dimension and required no objec-

tion." *See Blue*, 41 S.W.3d at 132. The trial court's comments in this case, however, are not of that nature. Here, the trial court simply explained the existing law with regard to reasonable doubt. *See Rogers v. State*, 795 S.W.2d 300, 306 (Tex. App.-Houston [1st Dist.] 1990, pet. ref'd) (holding that trial court's comment that "the bottom line is going to be what beyond a reasonable doubt is to you" was not error because court was merely telling jurors to use their common sense); *Cade v. State*, 795 S.W.2d 43, 45 (Tex.App.-Houston [1st Dist.] 1990, pet. ref'd) (concluding that trial court's comment that reasonable doubt test might be satisfied "somewhere between fifty and one-hundred" on scale of one to 100 was not fundamental error because it did not "cause[ ] the jury to misunderstand the reasonable doubt standard"). Although the trial court's comments about the "reasonable doubt" standard are amorphous and somewhat confusing, they neither tainted the presumption of innocence nor did they vitiate the impartiality of the jury. *See Blue*, 41 S.W.3d at 132; *see also Jasper v. State*, 61 S.W.3d 413, 421 (Tex. Crim.App.2001) (holding that trial court's comments did not constitute fundamental error because they did not rise "to such a level as to bear on the presumption of innocence or vitiate the impartiality of the jury"). Accordingly, the court's comments do not rise to the level of fundamental error of constitutional dimension and, thus, timely and specific objections were required to preserve Marshall's complaint for appeal. *See Blue*, 41 S.W.3d at 132; *Jasper*, 61 S.W.3d at 421; *see also, e.g., Zachery v. State*, No. 14–07–01050–CR, 2009 WL 136915, at *2 n. 2 (Tex.App.-Houston [14th Dist.] Jan. 20, 2009, no pet.) (mem. op., not designated for publication) (trial court told prospective jurors that "[y]ou will know when you're convinced that someone has violated the law and the

State has proven each and every element beyond a reasonable doubt. You will know it ....."; reviewing court held that, under reasoning of *Blue* plurality, trial court's comment during voir dire did not constitute fundamental error that would obviate need to make contemporaneous objection). Because she failed to object, we hold that appellant has failed to preserve this issue for our review.[2] We overrule appellant's sole point of error.

## CONCLUSION

We affirm the judgment of the trial court.

Justice SHARP, concurring.

JIM SHARP, Justice, concurring.

I write in concurrence to emphasize that any attempt by the trial court to "clarify" the notion of "beyond a reasonable doubt" for the venire could, depending upon the tone of voice and other mannerisms used, easily be construed by a juror as a gloss intended to minimize the import of this standard by which a juror is to arrive at his or her very important and potentially life-altering decision.

Here, the language used was both inartful and confusing. Absent an audio recording, we cannot know, nor should we speculate as to, the tone of voice or other mannerisms possibly employed by the trial court in its communications with the venire. That a trial judge would *risk* prejudicing a defendant at voir dire by speaking of legal concepts best left to trial counsel (who bear the responsibility to do so), is ill-advised.

---

2. Having concluded that appellant failed to preserve her issue for appeal, we do not reach the merits of appellant's point of error.