NO. 07-10-00174-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



NOVEMBER
29, 2010

 



 

VICTOR HUFF, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 137TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2010-426,874; HONORABLE CECIL G. PURYEAR, JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

A Lubbock County
jury found appellant, Victor Huff, guilty of driving while intoxicated, a third
or greater offense.[1] 
Following a punishment trial to the bench, the trial court imposed a
ten-year sentence.  Appellant timely
appealed his conviction, contending that the State improperly shifted the
burden of proof to him during voir dire, that the
State engaged in improper jury argument, and that the trial court erred by
refusing to include a proposed instruction on alternate causes for loss of
mental or physical faculties.  We will
affirm.

Factual and Procedural History

            On
August 1, 2009, appellant rear-ended a pickup truck driven by Dustyn Blasig.  Blasig noted that
appellant was quite unsteady on his feet following the accident.  Appellant provided Blasig
with his insurance information and his driver’s license, and Blasig called 911. 
They began waiting for law enforcement to arrive.  According to Blasig,
after some time waiting, the still unsteady appellant went behind his car and
urinated.  After about an hour, appellant
explained that he needed to leave and did so, leaving his insurance papers with
Blasig.  About
ten minutes after appellant left the scene, Officer Christopher Claybrook of the Lubbock Police Department arrived.

            As
Blasig gave his account of the event, he noticed
appellant driving by on a nearby road. 
Parts of appellant’s damaged car were sparking as they scraped the road,
and, apparently, he was honking his horn as he drove.  Blasig alerted Claybrook, who then began pursuit of appellant.  Claybrook stopped
appellant to investigate whether he was intoxicated, as Blasig’s
account of appellant’s behavior suggested to Claybrook.

            When
Claybrook approached appellant’s vehicle, he noticed
the odor of ingested alcohol and appellant’s “thick-tongued and slurred”
speech.  Appellant admitted to having
consumed four beers.  Claybrook
administered standardized field sobriety tests, and, because appellant’s
performances on those tests indicated he was intoxicated, Claybrook
arrested him.  Claybrook
read him the mandatory statutory warnings, and appellant refused to provide a
breath specimen.

            Appellant
was charged with driving while intoxicated, a third or greater offense.  The jury found him guilty, and the trial
court assessed a ten-year sentence.  He
timely appealed said conviction to this Court, bringing three points of
error.  He contends that the State
impermissibly shifted the burden of proof to him during voir
dire, that the State engaged in improper jury argument, and that the trial
court erred by refusing to instruct the jury on alternate causes for loss of
mental or physical faculties.  

Shifting the Burden of Proof in Voir Dire

            Appellant
complains of the following exchange between the State and the venire:

STATE: When the officer asks that person, “Are you going to give a
specimen of your breath,” who says “Yes” or “No”?

VENIREMAN: The Defendant.

STATE: Okay.  And when they say
“No,” whose fault is it we don’t have that evidence?

VENIREMAN: Theirs.

STATE: Okay.  And that comes back
to—here is my question for everybody.  Is
anybody going to hold it against the State if we don’t have a breath test?  Because, you see, there are going to be those
circumstances where we don’t have a breath test because the defendant refused
to give one.  Okay?

Anybody say, “I’ve got to have a breath test?”

Or can everyone say, “The law gives us three ways to determine
intoxication, loss of mental, loss of physical, or a breath alcohol
concentration?”

Appellant concedes that
no objection was lodged to this line of questioning by the State.  Indeed, our review of the record confirms
that no such objection was made.

            Generally,
for a complaining party to preserve error for appellate review, the record must
reflect that the party raised the issue with the trial court in a timely and
specific request, objection, or motion.  Tex. R. App. P. 33.1(a); Griggs v. State, 213 S.W.3d 923,
927 (Tex.Crim.App. 2007).  More specifically, contentions that the State
engaged in improper voir dire questions generally do
not present us with fundamental error such that we can review the issue
presented when it was not raised in the trial court; to preserve error
regarding improper voir dire questions, a party must
make a timely, specific objection at the earliest possible opportunity.  See Penry
v. State, 903 S.W.2d 715, 741, 764 (Tex.Crim.App.
1995) (en banc) (per curiam); Ross v. State,
154 S.W.3d 804, 807 (Tex.App.—Houston [14th Dist.]
2004, pet. ref’d).

            With
respect to appellant’s assertion that the alleged error is fundamental error,
we note that appellant does not direct us to any authority that expressly
supports his position.  However, we
acknowledge that the issue he raises does bear some resemblance to the issue
addressed in Blue v. State, 41 S.W.3d 129, 129–33 (Tex.Crim.App.
2000) (plurality op.).  In Blue,
the court held that the trial court’s comments to the venire tainted the
presumption of innocence by revealing that the defendant had seriously
considered entering into a plea agreement and that the trial court was
frustrated with the time the defendant took in his decision and would have
preferred that the defendant have pleaded guilty.  Id. at 130, 132.  The Blue court held that the defendant
need not have objected to such comments, that they amounted to fundamental
error of constitutional dimension.  Id. at 132. 
Notably, the Blue court also emphasized that the comments came
from the bench, that it was the trial court imparting this information to the
venire:

In this case, the judge’s comments imparted information to the venire
that tainted the presumption of innocence. 
A juror who knows at the outset that the defendant seriously considered
entering into a plea agreement no longer begins with a presumption that the
defendant is innocent.  A juror who hears
the judge say that he would have preferred that the defendant plead guilty
might assume that the judge knows something about the guilt of the defendant
that the juror does not.  Surely, no
trial judge would want an innocent man to plead guilty, no matter how much
delay and expense he might be causing.

Id. 
So, the source of the alleged error in the instant case is
distinguishable from the error addressed in Blue.

            Here,
appellant contends that the State, rather than the trial court, improperly
shifted the burden of proof to him.  The
Due Process Clause of the Fourteenth Amendment to the United States
Constitution requires that every state criminal conviction be supported by
evidence that a rational trier of fact could find
sufficient to prove all the elements of the offense beyond a reasonable
doubt.  In re Winship,
397 U.S. 358, 362–64, 90 S.Ct. 1068, 25 L.Ed.2d 368
(1970); Coit v. State, 808 S.W.2d 473,
475 (Tex.Crim.App. 1991); see also Tex. Penal Code Ann. § 2.01 (Vernon
2003) (codifying the requirement that “[a]ll persons
are presumed innocent and no person may be convicted of an offense unless each
element is proved beyond a reasonable doubt”). 
So, it could be said that appellant’s contentions go to the absolute
systemic requirement that a defendant be convicted only on proof beyond a
reasonable doubt.  See Mendez
v. State, 138 S.W.3d 334, 341 (Tex.Crim.App.
2004) (holding that error preservation requirement does not apply to two types
of complaints: waivable-only rights and absolute
systemic requirements).  To the extent we
are bound by Blue’s plurality opinion and to the extent Blue
could apply to alleged error by the State rather than the trial court,
appellant may not have been required to object to such questions to preserve
for our review his complaint that the State’s questions shifted the burden of
proof.  41 S.W.3d at
132.  We, nevertheless, find the
alleged error in the instant case further distinguishable, in terms of degree
or impact, from the error addressed in Blue.

            From
our review of the record of voir dire, we observe
that the State made clear at several points during voir
dire that it bore the burden of
proving appellant’s guilt beyond a reasonable doubt.  For instance, the State explained that “[i]n our criminal justice system[,]
the State has the burden of proof.  It’s
my job to prove the case.”  The State
continued to discuss, at some length, the presumption of innocence and the
State’s burden of proof, describing it at one point as “the highest standard in
our legal system.”  Defense counsel
seemingly acknowledged the State’s efforts in discussing the burden of proof
beyond a reasonable doubt when he sought to reemphasize the placement of the
burden: “We talked about beyond a reasonable doubt and we know that’s the
burden of proof that the State is going to have to satisfy to convict
[appellant] of any crime.”  Further, the
trial court had explained at the beginning of voir
dire that “in a criminal case in the State of Texas, the State has the burden
of proof.  And that burden of proof is
styled ‘beyond a reasonable doubt.’”

            The
portion of voir dire of which appellant complains is
more in the nature of an explanation of the law.  The law permits the State to introduce
evidence of breath or blood tests, and the State was explaining why it would
not have such evidence in this case.  See
Tex. Transp. Code Ann. § 724.063
(Vernon 1999); see also id. § 724.061 (Vernon 1999) (making
admissible a defendant’s refusal of request to take breath or blood
specimen).  The purpose of voir dire examination is to determine whether prospective
jurors hold biases or prejudices that would prevent them from applying the law
to the facts of the case.  Stallings v. State, 47 S.W.3d 170, 174 (Tex.App.—Houston
[1st Dist.] 2001, no pet.).  That
said, voir dire questions
designed to discover a prospective juror’s views on an issue applicable to the
case are proper.  Id.

            We
conclude that the State’s comments, when read in context, did not shift the
burden of proof such that appellant was denied his due process right to a fair
trial.  See Runnels v. State,
No. AP-75,318, 2007 Tex.Crim.App.
Unpub.
LEXIS 377, at *20 (Tex.Crim.App.
Sept. 12, 2007) (viewing trial court’s comments “as a whole” and concluding
that earlier description of the beyond a reasonable doubt standard indicated
that trial court’s comments did not “trivialize” the State’s burden of
proof).  From our review of the record,
it is clear that the State, defense counsel, and the trial court impressed upon
the venire that the burden of proof beyond a reasonable doubt lies exclusively
with the State and does not shift to a defendant under any circumstances.

            Accordingly,
the State’s questioning did not rise to the level of fundamental error of
constitutional dimension and, thus, appellant was required to timely and
specifically object to the cited comments to preserve the issue for appeal. See
Blue, 41 S.W.3d at 132; Marshall v. State, 312 S.W.3d 741, 744 (Tex.App.—Houston [1st Dist.] 2009, pet. ref’d).  Any non-fundamental error associated with the
State’s questions during voir dire was not preserved
for our review.  We, therefore, overrule
appellant’s first issue.   

Improper Jury Argument

            Citing
Mosley v. State, 983 S.W.2d 249, 258–59 (Tex.Crim.App.
1998), appellant contends that, in its closing argument to the jury, the State
struck at appellant over the shoulders of defense counsel.  He maintains that the following statement
implied that the duty of defense counsel was “less than honorable”:

It’s a widely-held principle that everybody in this courtroom knows is
that a defendant, no matter what the evidence may be against him, has the right
to a competent and passionate defense. 
After sitting here, you have seen, there is no doubt, the Defendant has
availed himself of that.  He’s had a competent,
he’s had a passionate defense.  But there
is also a widely-held principle that says that sometimes there are cases that
aren’t defensible.  Sometimes the
evidence is such that all that a Defense Attorney can do is point away from the
evidence.  And that’s exactly the
situation you have here.

Appellant concedes that
the record does not show that an objection was lodged in response to the
State’s argument.  Our review of the
record confirms that no such objection was made.  Appellant again asserts that the alleged
error is fundamental.  However,
contentions that the State struck at a defendant over the shoulders of counsel
have not been treated as fundamental error such that those contentions need not
be preserved for our review.  See Threadgill v. State,
146 S.W.3d 654, 667 (Tex.Crim.App. 2004); Stephenson
v. State, 255 S.W.3d 652, 659 (Tex.App.—Fort
Worth 2008, pet. ref’d).  We find no authority to support the
conclusion that the alleged error is fundamental.  See Mendez, 138
S.W.3d at 341.

            Because
any error associated with the State’s jury argument was not preserved for our
review, we overrule appellant’s second issue. 
See Tex. R. App. P. 33.1(a).

Refusal of Jury Instruction

            In
his third and final point of error, appellant contends that the trial court
erred by refusing to submit the following instruction proposed by appellant: “A
person cannot be found to be intoxicated if he lacks the normal use of mental
or physical faculties for a different reason, such as disability, illness,
fatigue, stress, or clumsiness.”

            At
trial, appellant introduced medical testimony from Lubbock County Jail
physician, Kathryn Hines, M.D., that, due to appellant’s diabetes, appellant’s
blood sugar was checked every few hours during his pretrial incarceration.  Hines testified that one who is suffering
from diabetic ketoacidosis, a complication of
diabetes, may exhibit symptoms “similar” to one who is intoxicated: nausea,
confusion, vomiting, possible chest pain, possible abdominal pain, and a fruity
smell to one’s breath.  She also
testified that one suffering from diabetic ketoacidosis
might breathe heavily and would feel the need to urinate frequently as a result
of the body trying to rid itself of ketones.  She also explained a diabetic person’s
increased susceptibility to the effects of alcohol.  

            On
August 4, 2009, three days after being arrested, appellant was admitted to the
hospital when he exhibited symptoms consistent with diabetic ketoacidosis.  He was
diagnosed with said condition at the hospital. 
With respect to appellant’s condition at the time of his arrest, no
records were admitted showing his blood sugar levels prior to the high reading
taken on August 4, immediately before he was transported to the hospital.  As a result, there is no direct evidence
showing appellant’s blood sugar levels at or around the time he was arrested.  Appellant’s blood sugar levels fluctuated
wildly, according to Hines, even after appellant returned from his one-week
stay in the hospital.

            After
Hines testified, both sides rested and closed. 
Appellant unsuccessfully requested inclusion of an instruction regarding
alternate causes for loss of faculties.  

 

Standard of Review

            When
presented with a jury charge complaint, we review the charge under Almanza v. State, 686 S.W.2d 157, 171 (Tex.Crim.App. 1984) (op. on reh’g).  Under Almanza,
we must first determine whether error exists in the charge and, if we find
error, whether such error caused sufficient harm to compel reversal.  See Ngo v State,
175 S.W.3d 738, 743–44 (Tex.Crim.App. 2005).

Trial Court’s Charge to the Jury
Generally

            The
trial court must provide the jury with “a written charge distinctly setting
forth the law applicable to the case; not expressing any opinion as to the
weight of the evidence, not summing up the testimony, discussing the facts or
using any argument in his charge calculated to arouse the sympathy or excite
the passions of the jury.”  Tex. Code Crim. Proc. Ann. art. 36.14
(Vernon 2007); Walters v. State, 247 S.W.3d 204, 208 (Tex.Crim.App. 2007). 
The trial court is required to instruct the jury on statutory defenses,
affirmative defenses, and justifications whenever they are raised by the
evidence.  Tex. Penal. Code Ann. §§ 2.03(d), 2.04(d) (Vernon 2003); Walters,
247 S.W.3d at 208–09. 
A defendant is entitled to an instruction on every defensive issue
raised by the evidence, regardless of whether the evidence is strong, feeble, unimpeached, or contradicted, and even when the trial court
thinks the testimony is not worthy of belief. 
Walters, 247 S.W.3d at 209.  

 

 

Inclusion of Special Instructions

            Generally
speaking, neither the defendant nor the State is entitled to a special jury
instruction relating to a statutory offense or defense if that instruction (1)
is not grounded in the Texas Penal Code, (2) is covered by the general charge
to the jury, and (3) focuses the jury’s attention on a specific type of
evidence that may support an element of an offense or a defense.  Id. at 212 (relying on rationale of Giesberg v. State, 984 S.W.2d 245, 250 (Tex.Crim.App. 1998)). 
In such a case, the non-statutory instruction would constitute a
prohibited comment on the weight of the evidence.  Id. 
Special, non-statutory instructions, even when they relate to statutory
offenses or defenses, generally have no place in the jury charge.  Id. at 211.  We will evaluate appellant’s proposed
instruction in light of the three considerations outlined in Walters.

(1) Not grounded in the Texas Penal
Code

            The
Texas Penal Code does not specifically provide a defense, affirmative defense,
or justification in the nature of the instruction proposed by appellant.  See Tex.
Penal Code Ann. §§ 2.03(a) (providing that “[a] defense to prosecution
for an offense in this code is so labeled by the phrase: ‘It is a defense to
prosecution . . . .’”), 2.04(a) (providing that “[a]n affirmative defense to
prosecution for an offense in this code is so labeled by the phrase: ‘It is an
affirmative defense to prosecution . . . .’”), 8.01–.07 (defining general
defenses and affirmative defenses to criminal responsibility), 9.01–.63 (Vernon
2003 & Supp. 2010) (covering justifications excluding responsibility).  Also absent is an offense-specific defense in
the nature of the proposed instruction.  See
id. § 49.04.  As a general rule,
if the instruction is not derived from the Texas Penal Code, it is not “the law
applicable to the case” as contemplated by article 36.14.  See Walters, 247
S.W.3d at 214.

(2) Covered elsewhere in the jury
charge

            Again,
appellant requested the following charge: 
“A person cannot be found to be intoxicated if he lacks the normal use
of mental or physical faculties for a different reason, such as disability,
illness, fatigue, stress, or clumsiness.” 
This proposed instruction went directly to the cause of appellant’s loss
of mental or physical faculties.  The
jury charge tracked the relevant portion of the statutory definition of
“intoxication” and, in so doing, required the jury to find that appellant lost
the use of his mental or physical faculties “by reason of the introduction of
alcohol, a controlled substance, a drug, a dangerous drug, a combination of two
or more of those substances, or any other substance into the body.”  See Tex.
Penal Code Ann. § 49.01(2)(A) (Vernon 2003).

            An
instruction such as the one here—one that goes to an element of the offense
that the State was called on to prove—was the type of instruction addressed in Giesberg, 984 S.W.2d at 250.  In Giesberg,
the Texas Court of Criminal Appeals explained why the trial court did not err
in refusing to include an “alibi” instruction:

A defensive issue which goes no further than to merely negate an
element of the offense alleged by the State in its indictment does not place a
burden of proof upon a defendant to establish it.  The burden of proof is upon the State to
prove those allegations.  An alibi only
traverses those allegations and casts doubt upon whether the State has met its
burden.  As a result, an alibi is
sufficiently embraced in a general charge to the jury that the defendant is
presumed innocent until he or she is proven guilty beyond a reasonable
doubt.  There is ample room within that
instruction for a defendant to effectively argue his defense of alibi to a
jury.

Id. (citations omitted).  Accord Noyola
v. State, No. 07-03-00473-CR, 2004 Tex.App. LEXIS 11210, at *4–*5 (Tex.App.—Amarillo
December 14, 2004, no pet.) (in appeal of DWI
conviction, relying on Giesberg to conclude
that the trial court’s refusal of an instruction concerning appellant’s
diabetic condition was not error).

            Likewise,
here, the State had to prove beyond a reasonable doubt that appellant had lost
the use of his mental or physical faculties due to the introduction of alcohol
into his body.  Alternative causes for
his loss of faculties went directly to an element on which the State bore the
burden of proof beyond a reasonable doubt. 
Further, nothing in the jury charge prevented the jury from considering
whether appellant’s loss of mental or physical faculties was caused by
something other than the introduction of alcohol into his body.  See Walters, 247
S.W.3d at 213.  The substance of
appellant’s proposed instruction was adequately addressed in the jury charge.

(3) Focusing jury’s attention on
specific type of evidence

            Because
the defensive issue concerning the cause of the appellant’s loss of mental or
physical faculties was adequately accounted for within the general charge to
the jury, a special instruction on alternate causes for the loss of faculties
would have needlessly drawn the jury’s attention to the evidence concerning
appellant’s medical condition. 
Therefore, the special instruction on alternate causes for loss of
mental or physical faculties would have constituted an unwarranted comment by
the trial court on the weight of the evidence. 
See id. at 210; Giesberg, 984 S.W.2d at 250.

            The
three relevant considerations weigh in favor of the trial court’s refusal of
the proposed special instruction.  See
Walters, 247 S.W.3d at 212.  That being so, the trial
court did not err by refusing to include the proposed instruction in its charge
to the jury.  Accordingly, we
overrule appellant’s third and final issue.

Conclusion

            Having
overruled appellant’s three issues presented on appeal, we affirm the trial
court’s judgment.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice








 

Do
not publish.  

 











[1]
See
Tex. Penal Code Ann. § 49.04(a)
(Vernon 2003); see also id. § 49.09(b)(2)
(Vernon Supp. 2010) (making third or greater offense a third-degree felony).