Affirmed and Opinion filed May 3, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00025-CR

___________________

 

Terry Don Wilkerson, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 9th District Court

Montgomery County,
Texas



Trial Court Cause No. 06-09-09388 CR

 



 

 

OPINION

            William and Louise Lewis were shot to death in their
New Caney home in January 2006. Appellant Terry Don Wilkerson was indicted on
two counts of capital murder in connection with the killings. A jury convicted
him on both counts. Because the State did not seek the death penalty,
punishment was assessed at a mandatory term of life imprisonment without the
possibility of parole. See Tex. Penal Code Ann. § 12.31 (West
2010).

Appellant raises five
issues on appeal. In his first issue, he requests that we abate this appeal for
findings of fact and conclusions of law. In issues two and three, appellant
contends his punishment is cruel and unusual in violation of the United States
and Texas Constitutions. In his fourth issue, he contends the mandatory
sentencing scheme violates the separation of powers doctrine embodied in the
Texas Constitution. In his fifth issue, he contends the trial court erroneously
explained the concept of proof beyond a reasonable doubt.

Because the trial court
submitted its findings of fact and conclusions of law during the pendency of
this appeal, we dispose of appellant’s first issue as moot. Finding no error in
the remaining issues, we affirm.

CRUEL AND UNUSUAL PUNISHMENT

            In
his second and third issues, appellant argues that his mandatory sentence is
unconstitutional because the sentencing scheme provided no vehicle for the
consideration of mitigating evidence. Appellant asserts this argument under the
Eighth Amendment to the United States Constitution, as well as article 1,
section 13 of the Texas Constitution.

            Appellant
failed to preserve error below. Before a party may present a complaint for
appellate review, the record must normally show that the complaint was made to
the trial court by a timely request, objection, or motion. Tex. R. App. P.
33.1. Appellant never objected at trial that the sentencing statute violated
either the United States or Texas Constitutions. Because no specific and timely
objection was made, appellant has waived these issues by raising them for the
first time on appeal. See Curry v. State, 910 S.W.2d 490, 496 (Tex.
Crim. App. 1995); Battle v. State, No. 14-10-00347-CR, 2011 WL 781935,
at *2 (Tex. App.—Houston [14th Dist.] Mar. 8, 2011, no pet.).

            Appellant
argues that an objection was not necessary to preserve his complaint because
his claim rests on the Supreme Court’s decision in Graham v. Florida,
130 S. Ct. 2011 (2010), an Eighth Amendment case that did not issue until after
his sentencing. Even if we were to assume that Graham allows appellant
to assert his Eighth Amendment claim for the first time on appeal, we would
still find that his sentence was neither cruel nor unusual.

            The
Eighth Amendment encompasses an individualized sentencing doctrine that
precludes mandatory sentencing in cases where the death penalty is sought. See
Sumner v. Shuman, 483 U.S. 66, 73–76 (1987); Woodson v. North Carolina,
428 U.S. 280, 305 (1976) (plurality opinion). In such cases, the defendant must
have an opportunity to produce mitigating evidence showing that death is not
appropriate in light “of the character and record of the individual offender
and the circumstances of the particular offense.” Woodson, 428 U.S. at
304; see Burns v. State, 761 S.W.2d 353, 357–58 (Tex. Crim. App. 1988).

            In
Harmelin v. Michigan, the Supreme Court refused to extend the
individualized sentencing doctrine to the term-of-years context. 501 U.S. 957,
994–95 (1991). The Court held that no term of imprisonment—not even life
without parole—could ever compare to the severity of capital punishment. Id.
at 996. Death, the Court observed, is “unique in its total irrevocability.” Id.
at 995 (citing Furman v. Georgia, 408 U.S. 238, 306 (1972) (Stewart,
J., concurring)). Because of this qualitative difference, the Court held that
the reasons for requiring individualized sentencing did not apply outside the
context of capital punishment. Id. at 996. Thus, under Harmelin,
the Eighth Amendment does not afford criminal defendants the right to produce
evidence of mitigating circumstances when the state seeks punishment for a term
of years. Id.; Ex parte Chavez, 213 S.W.3d 320, 324 n.20 (Tex.
Crim. App. 2006); see also Cienfuegos v. State, 113 S.W.3d 481, 494–96
(Tex. App.—Houston [1st Dist.] 2003, pet. ref’d) (reaching the same conclusion
under the Texas Constitution).

            Appellant
concedes that Harmelin was controlling authority at the time of his
trial, and he admits that objecting to his mandatory sentence would have been
futile for that reason. However, appellant now claims that Harmelin
applies with less force following the Supreme Court’s decision in Graham,
which was decided after his trial ended. We disagree.

            The
issue in Graham concerned only whether a juvenile offender could be
sentenced to life without parole for the commission of a non-homicide crime. Graham,
130 S. Ct. at 2017–18. The Court held that such a sentence was
unconstitutional. Id. at 2034. However, the decision turned strictly
upon the application of the Eighth Amendment’s narrow proportionality
principle, not the right to produce evidence of mitigating circumstances. See
id. at 2023–30. The offender in Graham was not punished pursuant to
a mandatory sentencing statute. In fact, the trial court received various
recommendations, ranging from four to thirty years’ imprisonment. See id.
at 2018–19. Because the offender had the opportunity to produce mitigating
evidence, the Supreme Court was not required to revisit Harmelin and
decide whether the Eighth Amendment mandates individualized consideration for a
term-of-years sentence. See Welch v. State, No. 14-09-01020-CR, 2011 WL
80875, at *5 (Tex. App.—Houston [14th Dist.] Jan. 11, 2011, pet. filed).

In short, the Graham
decision shaped the Eighth Amendment only to the extent it held that a juvenile
may not be sentenced to life without parole for a non-homicide crime. The
ruling was categorical, applying regardless of whether the sentence was imposed
as a mandatory term or as the most severe punishment in a discretionary range
of years. Importantly, the scenario presented in Graham is not presented
here. Appellant was not a juvenile at the time of his offense, nor was he
convicted of a non-homicide crime. As such, Graham has no application to
the facts of this case. Contrary to appellant’s suggestions, Harmelin
still provides controlling authority.

Appellant’s second and
third issues are overruled.

SEPARATION OF POWERS

            In
his fourth issue, appellant argues that the mandatory sentencing statute
violates the separation of powers doctrine. That doctrine, as articulated in
article II, section 1 of the Texas Constitution, states the following:

The powers of the Government of the State of Texas shall be
divided into three distinct departments, each of which shall be confided to a
separate body of magistracy, to wit: Those which are Legislative to one; those
which are Executive to another, and those which are Judicial to another; and no
person, or collection of persons, being of one of these departments, shall
exercise any power properly attached to either of the others, except in the
instances herein expressly permitted.

Tex.
Const. art. II, § 1.

            Appellant
contends that Section 12.31 is unconstitutional because it allows the judicial
department to invade the province of the executive. Specifically, he argues
that the statute shifts power away from the Board of Pardons and Paroles
(“Board”), which is an executive agency, and into the hands of the prosecutor,
who is an officer of the judiciary. See Tex. Const. art. IV, § 11;
Tex. Const. art. V, § 21; Meshell v. State, 739 S.W.2d 246, 253
(Tex. Crim. App. 1987) (holding that county and district attorney’s are
officers within the judicial department).

Appellant’s argument
focuses on the discretionary aspect of sentencing under Section 12.31. In a
capital trial, the prosecutor may elect for punishment in the form of death or
its nearest alternative, a sentence of life without parole. Tex. Penal Code §
12.31. When the prosecutor elects against death and a conviction is secured,
the mandatory sentence precludes the Board from ever exercising its powers of
executive clemency. See Tex. Gov’t Code Ann. § 508.141 (West 2004).
Appellant claims that this violates the separation of powers doctrine because
the election permits the prosecutor to determine that a capital defendant is
not deserving of parole, a decision that is otherwise left to the Board when
the defendant is convicted on a lesser charge of homicide. 

            Appellant
did not present this argument to the trial court below, and thus, he has not
preserved error for our review. See Tex. R. App. P. 33.1. Appellant insists
that because his claim is jurisdictional, he may still raise it for the first
time on appeal, relying on Rose v. State, 752 S.W.2d 529, 552–53 (Tex.
Crim. App. 1987) (op. on reh’g). However, during the pendency of this appeal,
the Texas Court of Criminal Appeals overruled Rose, holding that error
must be preserved before a defendant may assert a facial challenge to the
constitutionality of a statute. Karenev v. State, 281 S.W.3d 428, 434
(Tex. Crim. App. 2009). Even if we were to assume that appellant could raise
this issue under the authority that controlled at the time of his sentencing,
we would still find that the prosecutor’s election does not amount to a
violation of the separation of powers doctrine.

To establish a violation
under Article II, Section 1, appellant must show that one department has assumed,
or has been delegated, to whatever degree, a power that is more “properly
attached” to another, or that one department has so unduly interfered with the
functions of another that the other department cannot effectively exercise its
constitutionally assigned powers. See State v. Williams, 938 S.W.2d 456,
458 (Tex. Crim. App. 1997); Edwards v. State, 10 S.W.3d 699, 704 (Tex.
App.—Houston [14th Dist.] 1999), pet. dism’d per curiam, 67 S.W.3d 228
(Tex. Crim. App. 2002). Appellant does not appear to rely on the first category
of violations. He has supplied no authority to show that the prosecutor’s
election amounts to a discharge of executive power. Accordingly, this case does
not present a situation of one department assuming the jurisdiction of another.
See, e.g., Vargas v. State, 830 S.W.2d 656, 658–59 (Tex.
App.—Houston [1st Dist.] 1992, pet. ref’d) (finding judicial encroachment where
trial court exercised power statutorily granted to the Board). Appellant claims
instead that the prosecutor’s election has the “practical effect” of
interfering with the internal operations of the executive. We disagree.

            Appellant’s
argument wrongly assumes that the Board has plenary jurisdiction over matters
concerning incarcerated persons. Although the Board is afforded the power to
release inmates on parole, the determination of which inmates should be eligible
for parole is an exclusively legislative function. See Ex parte Franks,
71 S.W.3d 327, 328 (Tex. Crim. App. 2001) (declining to order a life-sentenced
inmate for release on mandatory supervision); see also Tex. Const. art.
IV, § 11(a) (“The Legislature shall have authority to enact parole
laws . . . .”); State ex rel. Smith v. Blackwell,
500 S.W.2d 97, 104 (Tex. Crim. App. 1973) (“[T]he Legislature is invested with
the law-making power of the people and may define crimes and prescribe
penalties.”). The Texas Court of Criminal Appeals has previously held that a
prosecutor does not encroach on this legislative jurisdiction when deciding how
to charge a defendant with murder. See Barefield v. State, 784 S.W.2d
38, 46 (Tex. Crim. App. 1989) (“A prosecutor’s discretion to seek an
indictment for capital murder, or any other offense, is not tantamount to the
legislative authority to define the range of penalties for crimes.”), overruled
on other grounds by Zimmerman v. State, 860 S.W.2d 89 (Tex. Crim. App.
1993). By extension, we conclude that the prosecutor acts within his authority
when he recommends a sentence of life without parole in a capital trial. The
Board has no jurisdiction during the sentencing phase of a criminal trial, nor
does it have the authority to prescribe whether an offender should be
statutorily eligible for parole based on the nature of the crime committed. We
therefore reject appellant’s contention that the prosecutor’s election amounts
to a violation of the separation of powers doctrine. See Wilson v. State,
No. 14-09-01040-CR, 2011 WL 1364972, at *8–10 (Tex. App.—Houston [14th Dist.]
Apr. 12, 2011, no pet. h.); cf. O’Bryan v. State, 591 S.W.2d 464,
476 (Tex. Crim. App. 1979) (holding that a jury does not invade the province of
the Board when it determines the probability of a capital defendant’s future
dangerousness), superseded on other grounds by statute, Tex. R. Evid.
608(a), as recognized in Michael v. State, 235 S.W.3d 723 (Tex. Crim.
App. 2007).

            Appellant’s
fourth issue is overruled.

BURDEN OF PROOF

            In
his fifth issue, appellant contends the trial court erred in explaining to the
jury pool the concept of proof beyond a reasonable doubt. Appellant
specifically complains of the following explanation:

            Okay. Everybody should have their list and
their jury information sheets. As I mentioned earlier, the State has the burden
of proof in all criminal cases. That proof is beyond a reasonable doubt. And
the lawyers will talk to you about that.

            Now we don’t have a definition as to what
reasonable doubt is. Reasonable doubt is—was defined in the Code of Criminal
Procedure, but the Texas Court of Criminal Appeals—and remember, the Texas
Supreme Court hears only civil cases. We have only two high courts. The Court
of Criminal Appeals hears all of our criminal appeals. The Court of Criminal
Appeals ruled that that was unconstitutional and gave us—the definition of
reasonable doubt is what’s in your mind to be a reasonable doubt. In other
words, what do you think is a reasonable doubt?

            And I would submit to you that a reasonable
doubt is the same kind of doubt in making any kind of decision in our lives,
such as buying a house or selling a house or getting married or getting a
divorce or what job to take. And those are called reasonable doubt about that
decision-making process.

            And I would also submit to you that it does not
mean beyond all doubt. It has to be a reasonable doubt. You hear expressions
like “beyond a shadow of a doubt” or “beyond all doubt.” Well, that’s not
possible. The only way that you can prove something beyond a shadow of a doubt
would be if all 12 jurors were eyewitnesses to the scene. And that’s not going
to happen.

According to appellant,
this explanation supplied an operative definition of “what’s in your mind,”
which, he contends, has the effect of diminishing the State’s burden of proof. Appellant
also argues that the trial court’s explanation was a variation on a definition
endorsed in Geesa v. State, a case that has since been repudiated. See
Geesa v. State, 820 S.W.2d 154, 162 (Tex. Crim. App. 1991) (adopting the
understanding that the proof must be “of such a convincing character that you
would be willing to rely and act upon it without hesitation in the most
important of your own affairs”), overruled by Paulson v. State, 28
S.W.3d 570 (Tex. Crim. App. 2000).

            Appellant did not object to the trial court’s explanation
during voir dire. This failure to object precludes our review of this issue
absent an exception to the preservation-of-error requirement. The only possible
exception would come from the Blue plurality’s conclusion that the trial
court commits fundamental error when its comments taint the presumption of
innocence. See Blue v.
State, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000) (plurality opinion). Even if we were bound to follow the
plurality opinion in Blue, none of the trial court’s comments rose to
such a level as to bear on the presumption of innocence or vitiate the
impartiality of the jury. See Jasper v. State, 61 S.W.3d 413, 421 (Tex.
Crim. App. 2001) (stating, even if court of criminal appeals were bound to
follow Blue plurality opinion, “[n]one of the trial judge's comments
rose to such a level as to bear on the presumption of innocence or vitiate the
impartiality of the jury”); Marshall v. State, 312 S.W.3d 741,
744 (Tex. App.—Houston [1st Dist.] 2009, pet. ref’d). Accordingly, appellant has
waived this issue by raising it for the first time on appeal. See Fuentes v.
State, 991 S.W.2d 267, 273 (Tex. Crim. App. 1999).

            Appellant’s
fifth issue is overruled.

 

 

CONCLUSION

            Appellant’s
first issue is moot. Having overruled his remaining four, we affirm the
judgment of the trial court.

 

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

Panel consists of Chief Justice Hedges and Justices
Frost and Christopher.

Publish — Tex. R. App. P. 47.2(b).