**Ronnie Lee BURROW, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 08–81–00312–CR.

Court of Appeals of Texas, El Paso.

March 7, 1984.

Ed Keys, Monahans, for appellant.

Randy Cleveland, County Atty., Monahans, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

WARD, Justice.

This is an appeal from a conviction for driving while intoxicated. The court assessed punishment at thirty days confinement and a fine of $400.00. We reverse and remand.

A recitation of the facts relating to the elements of the offense is unnecessary in light of the fact that the bulk of the trial was improperly devoted to prejudicial collateral matters and extraneous offenses. The first trial of this cause resulted in a mistrial, the jury being unable to reach a verdict. The scope of the evidence relied upon by the State to insure a decision by the second jury has fulfilled the Appellant's prophetic cross-examination response that the case would be tried yet a third time.

Appellant has presented six grounds of error. In the first, Appellant complains of the prosecution's voir dire reference to his application for probation and the court's display of the document. Where the jury is still potentially intended to assess punishment under Tex.Code Crim.Pro.Ann. art. 37.07, sec. 2(b) (Vernon 1981), the state is entitled to examine the prospective jurors on the range of punishment attached to the offense charged, including probation. Ground of Error No. One is overruled.

In Ground of Error No. Two, Appellant complains of the pretrial overruling of his motion in limine concerning traffic citations issued against him contemporaneously with his arrest for D.W.I. A motion in limine standing alone preserves no error. Furthermore, Appellant himself offered the entire offense report of DPS Trooper Hernandez into evidence, said report including the various citations issued. Ground of Error No. Two is overruled.

We find no error in the prosecutor's attempted voir dire explanation of Appellant's Fifth Amendment privilege. Although abandoned by the prosecutor in the face of vociferous defense objection, as given it accurately stated the scope of the privilege. Ground of Error No. Three is overruled.

In Ground of Error No. Four, Appellant complains of the prosecutor informing the jury panel during voir dire that a previous trial of this cause resulted in a mistrial. A panel member had earlier been

dismissed after advising the court, before his fellow panel members, that he had served as a juror on this case previously. This did not sufficiently expose the other prospective jurors to the nature and outcome of the previous proceedings to justify the more pointed comment by the prosecutor. We nonetheless conclude that this constituted harmless error. During cross-examination by the prosecutor, Appellant brought out the mistrial in greater detail. Both sides made repeated improper references to the earlier trial without objection by the other side. While we find harmless error with regard to this ground of appeal, if the State should elect to proceed with a third trial, following remand, references to the earlier proceedings should be limited to proper use of prior testimony for impeachment and rehabilitation purposes. Ground of Error No. Four is overruled.

■ In Ground of Error No. Six, Appellant contends that the court improperly released a State's rebuttal witness, Belinda Ault, over defense objection. She was cross-examined by Appellant's counsel. When he objected to her release, further opportunity was given him to resume cross-examination. No showing of need to recall her at a later time was made. The record does not demonstrate the anticipated content of her excluded recross-examination. *Toler v. State,* 546 S.W.2d 290 (Tex.Cr.App. 1977); *Stein v. State,* 514 S.W.2d 927 (Tex. Cr.App.1974); Tex.Code Crim.Pro.Ann. art. 40.09, sec. 6(b) and (d) (Vernon Supp.1982). Ground of Error No. Six is overruled.

■ Ground of Error No. Five asserts that the court erred in permitting State rebuttal witness Jake Lewis to testify to extraneous misconduct on the part of the Appellant. Lewis owned and operated Jake's Lounge in Monahans, previously frequented by the Appellant three or four times each week. On cross-examination as to how many beers he had consumed prior to his arrest, Appellant responded that he didn't like to drink and didn't drink that much. The response was beyond the scope of the cross-examination question; hence, this does not present a case of the State

opening its own doorway to impeachment. See: *Shipman v. State,* 604 S.W.2d 182, 184–185 (Tex.Cr.App.1980). It was, therefore, proper to elicit impeaching testimony from Lewis that Appellant visited his lounge three or four times each week, preferred whiskey or hard liquor and rarely stopped drinking short of intoxication.

■ Much of the testimony concerning Appellant's arrest dealt with his belligerent, combative behavior toward the DPS trooper and his use of abusive language. Such behavior was a diagnostic factor in the trooper's evaluation of Appellant's degree of intoxication. Therefore, it was also permissible for Lewis to testify to the regular pattern of combativeness which accompanied Appellant's incidents of intoxication at the lounge. However, it was at this point that the admissible evidence stopped and the trial turned from *Wigmore* to mudwrestling. Lewis offered hearsay testimony that Appellant paid fifty dollars to some unspecified person, at some unspecified time, to secure the beating of some unspecified lounge waitress who had taken the job away from some unspecified past girlfriend of the Appellant. Defense objections were overruled. Defense counsel then went after Lewis with a vengeance, at one point challenging him to approach the jury exposing his breath for their determination of his state of inebriation during trial. Both sides then heaped rebuttal upon rebuttal, travelling so far afield that the original DWI charge became a minor sideshow. This is succinctly typified by a cross-examination exchange between witness Lewis and defense counsel:

Q. Would you be willing to let those ladies and gentlemen smell you?

A. Ed, who is on trial here?

Q. That is beside the point.

The evidence then turned to Mr. Lewis' drinking habits and whether or not he favored Halliburton workers at his lounge over the employees of the Appellant's brother, as well as who started the fights between Appellant and Robin Lowery, between Joe Killian and the Appellant, and

between Bennie Elam and Belinda Ault. The final portion of the State's closing argument emphasized the alleged beating-for-hire of the lounge waitress as well as outside-the-record comments on threats against the life of Robin Lowery, who testified at the first trial but not at the second. The rules of relevance, materiality, extraneous offenses and argument within the record were almost totally eroded in this trial. Ground of Error No. Five is sustained.

The judgment is reversed and the cause remanded for trial of the driving while intoxicated charge.