IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-189-CR




STEPHEN ANTHONY CAREY,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 910,501, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING



 




 Appellant entered a non-negotiated plea of guilty before a jury (1) to the offense of
aggravated robbery. See Tex. Penal Code Ann. § 29.03 (Supp. 1992). Also, a plea of true was
made by appellant to three enhancement of punishment allegations of prior felony convictions. 
Punishment was assessed at seventy years confinement.

 In a single point of error, appellant asserts numerous allegations of ineffective
assistance of counsel. Appellant alleges he received ineffective assistance of counsel because
counsel failed to: (1) object to the introduction of the videotape of the offense; (2) obtain a ruling
on his motion for disclosure of extraneous offenses; (3) unnecessarily permitting appellant to
waive the lawyer-client privilege; (4) object to evidence of the details of appellant's pending
misdemeanor cases; (5) object to evidence of a previous robbery. We overrule appellant's point
of error and affirm the trial court's judgment.

 The standard for judging ineffective assistance of counsel in Strickland v.
Washington, 466 U.S. 668 (1984), as applied by the Court of Criminal Appeals, is set forth in
Ex parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990):



 The test to be applied in determining ineffective assistance of counsel is found
in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984). As this Court has previously noted, no mechanistic formula is provided
by Strickland:


 The benchmark for judging any claim of ineffectiveness must be
whether counsel's conduct so undermined the proper functioning of
the adversarial process that the trial cannot be relied on as having
produced a just result.


Butler v. State, 716 S.W.2d 48, 54 (Tex. Cr. App. 1986) quoting Strickland, 104
S.Ct. at 2064. A defendant seeking relief under Strickland must show that
counsel's performance was deficient and the defendant must show that the deficient
performance prejudiced the defense. Butler, 716 S.W.2d at 54. When clarifying
the "prejudice" prong of this two part test, the Strickland Court held:


The defendant must show that there is a reasonable probability that,
but for counsel's unprofessional errors, the result of the proceedings
would have been different. A reasonable probability is a probability
sufficient to undermine confidence in the outcome.


Ex Parte Guzmon, 730 S.W.2d 724, 733 (Tex. Cr. App. 1987) quoting Strickland,
104 S.Ct. at 2068.


 This standard has never been interpreted to mean that the accused is entitled to
errorless or perfect counsel. Bridge v. State, 726 S.W.2d 558, 571 (Tex. Cr. App.
1986). When reviewing a claim of ineffective assistance of counsel, judicial
scrutiny of counsel's performance must be highly deferential. 466 U.S. at 689,
104 S.Ct. at 2065, 80 L.Ed.2d at 694. Whether the Strickland standard has been
met is to be judged by "the totality of the representation." Id.; Ferguson v. State,
639 S.W.2d 307, 310 (Tex. Cr. App. 1982). Isolated instances in the record
reflecting errors of commission or omission do not cause counsel to become
ineffective, nor can ineffective assistance of counsel be established by isolating or
separating out one portion of the trial counsel's performance for examination. 
Bridge, 726 S.W.2d at 571; Johnson v. State, 629 S.W.2d 731, 736 (Tex. Cr.
App. 1981). An applicant must show omissions or other mistakes made by counsel
that amount to professional errors of a magnitude sufficient to raise a reasonable
probability that the outcome of the trial would have been different but for the
errors. Butler, 716 S.W.2d at 54. The test is to be applied at the time of trial, not
through hindsight. Wilkerson v. State, 726 S.W.2d 542, 548 (Tex. Cr. App.
1986), cert. denied, 480 U.S. 940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987).


 Appellant contends that counsel should have objected to the introduction of the
videotape of the offense. Appellant asserts that the videotape constituted a needless presentation of cumulative evidence because identity was not an issue and the tape should have been excluded. 
Relevant evidence may be excluded if it constitutes "needless presentation of cumulative
evidence." Tex. R. Crim. Evid. Ann. 403 (Pamph. 1991).

 The State's right to introduce evidence is not restricted by a plea of guilty, or by
admission of facts sought to be proved; relevant facts admissible under a plea of not guilty are also
admissible under a plea of guilty. Wilkerson v. State, 736 S.W.2d 656, 659 (Tex. Cr. App.
1987). Introduction of evidence by the State in a felony case tried before a jury is to enable the
jury to intelligently exercise its discretion in assessing the penalty. Id. The fact that witnesses
may have testified to a scene or events and this testimony is unimpeached does not prevent the
introduction of motion pictures depicting the same scenes or events. Huffman v. State, 746
S.W.2d 212, 223 (Tex. Crim. App. 1988).

 Turning to appellant's second allegation, he asserts that another instance of
ineffective assistance of counsel occurred when trial counsel failed to obtain a ruling on
appellant's motion that he be furnished with a list of extraneous offenses or acts of conduct by the
appellant which the State is aware of or intends to introduce at trial. Appellant complains that
counsel's failure to secure a ruling on the motion waived his right to assert error on appeal.

 In King v. State, 687 S.W.2d 762, 764 (Tex. Crim. App. 1985), complaint was
directed to the action of the trial court in overruling the defendant's motion to quash. As in the
instant cause, the defendant entered a non-negotiated plea of guilty to a jury. The court held that
where a defendant enters a plea of guilty without the benefit of a plea bargain, defendant waives
all nonjurisdictional defects, and thus, waives any right to appeal the trial court's ruling on his
motion to quash. Id. at 766. It is of no moment that counsel failed to secure a ruling on
appellant's motion for disclosure of extraneous offenses since an adverse ruling to his motion
(directed to a nonjurisdictional matter) was waived by his non-negotiated plea of guilty.

 Appellant asserts that counsel was ineffective in allowing appellant to waive the
attorney-client privilege unnecessarily. Appellant urges that proof of his emotional state was not
privileged.

 The opinion of a lay witness as to the mental condition of a person is admissible
where the witness "had a reasonable opportunity to observe the acts and conduct of the person in
question . . . provided it is preceeded or accompanied by a statement of the facts upon which it
is based." Bradford v. State, 477 S.W.2d 544, 546 (Tex. Crim. App. 1972). 

 There is no suggestion that appellant's counsel in another cause was an expert
witness qualified to express an opinion as to appellant's emotional state without a statement of
circumstances constituting the basis of his opinion.

 Brasfield v. State, 600 S.W.2d 288, 295 (Tex. Crim. App. 1980) and Lopez v.
State, 651 S.W.2d 830, 838 (Tex. App. 1983, pet. ref'd), cited by appellant are distinguishable
from the instant case. In Brasfield, the court concluded that the testimony of an attorney who had
previously represented the defendant in another cause about seeing defendant in Lubbock on a
certain date, standing alone, did not violate the attorney-client privilege. Brasfield, 600 S.W.2d
at 295-96. Relying on Brasfield, the court in Lopez concluded that the testimony of counsel who
had represented the defendant in another matter that he had seen defendant at the scene of the
crime, without disclosing his prior relationship with the defendant, did not violate the attorney-client privilege. Lopez, 651 S.W.2d at 838.

 The testimony sought to be elicited regarding appellant's "poor mental and
emotional state during the time the attorney knew him" would undoubtedly open the door for the
State to inquire as to the facts and circumstances upon which such an opinion is based. We cannot
conclude that such an examination would not result in the disclosure of the prior attorney-client
relationship. We also note that prior counsel, before taking the stand to testify, stated that he
wanted it made "clear that he [appellant] is waiving the attorney-client privilege in those words." 

 Appellant contends that counsel was ineffective in not objecting to evidence elicited
by the prosecutor from counsel who represented him in another case. On direct, counsel testified
that he represented appellant in a pending misdemeanor assault case; that appellant appeared to
be experiencing "stress and anxiety," but he was unable to say "how much [was] an integral part
of his personality -- as opposed to being in the situation he was in." Under cross examination by
the prosecutor, counsel testified, without objection, that appellant related to him that he hit his
girlfriend after she had slashed him with a knife. In response to further questions by the
prosecutor, counsel stated that appellant denied hitting his girlfriend in the face with a belt and
that there was never any mention of appellant throwing a rock at her in an effort to get her to drop
the knife. Assuming, arguendo, that such testimony was inadmissible, the complained-of
testimony was harmless beyond a reasonable doubt in that it made no contribution to the
conviction or the punishment. Appellant entered a plea of true to three prior felony convictions
alleged for enhancement of punishment. Moreover, the testimony elicited on cross examination
regarding the pending misdemeanor assault charge reflected that appellant's attack on his
girlfriend was provoked by her striking at him with a knife.

 In his last allegation, appellant asserts another instance of ineffective assistance of
counsel occurred when counsel did not object to testimony elicited from appellant regarding an
unadjudicated offense of robbery.

 Before appellant testified, trial counsel advised the court that he had explained to
appellant that it would be in his better interest not to testify in his own behalf and "I have
explained to him everything that it opens it up to." In response to the court's question as to
whether he understood the advice his attorney had given him on the matter of testifying, appellant
responded, "Yes, with that advice, yes, sir, I still wish to testify." 

 In the course of the prosecutor's cross examination appellant was asked a number
of questions about the details of the robbery in the instant cause. In an unresponsive answer to
this line of questioning, appellant stated, "I didn't want to do it." The prosecutor then elicited the
following unobjected-to testimony from appellant:



Q: You are saying you didn't want to do this?


A: Miss, I am not a robber.


Q: That is what it looked to me like what was going down.


A: It went down, but I am not a robber.


Q: You are not. Well, didn't you, in fact, on September 27, 1990 rob Maryann
Gussey at the Best Western Motel?


A: No, sir. No that is what I have been accused of doing by Austin Police
Department.


Q: Didn't you do it?


A: No, I don't recall that.


Q: You don't recall?


A: No.



 Appellant's testimony that he was not a robber constituted unresponsive answers
to questions asked by the prosecutor. Since appellant's answers were beyond the scope of cross-examination, the door was opened to impeachment by the State. See Burrow v. State, 668 S.W.2d
441, 443 (Tex. App. 1984, no pet.). In Burrow, a driving while intoxicated case, the defendant
in response to a question by the prosecutor as to how many beers he had to drink, stated that "he
didn't like to drink and didn't drink that much." Id. The court held that the defendant's
unresponsive answer opened the door for impeachment evidence that he rarely stopped drinking
short of intoxication three or four times a week. Id.

 Appellant's unresponsive answers relative to not being a robber left the impression
that he was not a robber and did not want to commit the instant offense. Hence, the door was
opened for the State to impeach appellant with questions regarding an unadjudicated robbery. It
must also be remembered that appellant testified against the advice of his trial counsel. Contrary
to appellant's assertion, appellant's plea of guilty does not restrict the State in its examination of
appellant as to relevant matters. Wilkerson, 736 S.W.2d at 659.

 The complained-of conduct on the part of appellant's trial counsel does not
constitute omissions or mistakes that amount to professional errors of a magnitude sufficient to
raise a reasonable probability that the outcome of the trial would have been different but for the
alleged errors. Appellant's point of error is overruled.

 The judgment of the trial court is affirmed.



 

 Tom G. Davis, Justice

[Before Chief Justice Carroll, Justices Aboussie and Davis*]

Affirmed

Filed: January 22, 1992

[Do Not Publish]




* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (1988). 
1. A plea of guilty before a jury admits all elements of the offense. Brinson v. State, 570
S.W.2d 937, 938 (Tex. Crim. App. 1978). King v. State, 687 S.W.2d 762, 763 n.1 (Tex. Crim.
App. 1985).