COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

LORENZO DAVILA,                                No. 08-07-00041-CR

§

　　　　　Appellant,                          Appeal from the

§

V.                                              346th District Court

§

THE STATE OF TEXAS,                        of El Paso County, Texas

§

　　　　　Appellee.                          (TC# 2006ODO3998)

§

§

**O P I N I O N**

Lorenzo Davila appeals his conviction for assault family violence. *See* TEX.PENAL CODE ANN. § 22.01(a)(1), (b)(2)(Vernon Supp. 2008). The trial court sentenced Appellant to 6 years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. Appellant raises three issues on appeal challenging the sufficiency of the evidence to support the conviction, the trial court's charge to the jury, and the admission into evidence of a stipulation that Appellant had a prior conviction for family violence. We affirm.

On May 15, 2006, Margarita Davila, Appellant's wife, called 911 to report that she had been assaulted by her husband. Mrs. Davila and Appellant had been separated for six months prior to the incident. According to Mrs. Davila's testimony, her son drove her to the ranch where her father worked to pick up her purse, which she had left behind the day before. When they arrived at the ranch, Appellant approached Mrs. Davila's side of the car and forced the car window open. Appellant grabbed Mrs. Davila by her hair through the window while the car was

still moving. When the car stopped, Appellant yanked open the door and put his hand around her neck. He choked her until she agreed to move back to the family home with their children. Mrs. Davila reported the assault to the police shortly after the incident.

Appellant raises three issues for our review. In Issue One, Appellant asserts the evidence identifying him as the assailant is legally insufficient to support the conviction. In Issue Two, Appellant contends the trial court erred in submitting a jury instruction which, "required less than a unanymous [sic] verdict." In Issue Three, Appellant challenges the trial court's decision to allow the prosecution to read a stipulation into evidence in which Appellant admitted a prior conviction for family violence.

When we review the legal sufficiency of the evidence, we review all the evidence in a light most favorable to the verdict to determine whether a rational juror could have found the essential elements of the offense beyond a reasonable doubt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). We must give deference to the fact finder to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id*.

Appellant argues that the evidence presented at trial is legally insufficient to support the jury's determination that he was the individual who perpetrated the offense against Mrs. Davila. He argues that Mrs. Davila, "never identified Appellant during trial." It was, of course, the prosecution's burden in this case to prove, beyond a reasonable doubt, that the accused was the person who committed the charged offense. *See Roberson v. State*, 16 S.W.3d 156, 164 (Tex.App.--Austin 2000, pet. ref'd). But while a direct in-court identification is the preferred method to prove identification, the failure of the victim to make a positive in-court identification

does not make the verdict improper when there is other evidence to support the jury's finding. *See Clark v. State*, 47 S.W.3d 211, 214 (Tex.App.--Beaumont 2001, no pet.). In this case, despite failure to point out the Appellant as the man who assaulted her, the jury heard other, uncontested evidence which clearly supports the jury's inference that Appellant was the individual who committed the assault. Mrs. Davila testified that Lorenzo Davila was her husband of twenty-three years, and the father of her six children. Throughout her testimony, she referred to the person who assaulted her as "Mr. Davila" or "Lorenzo" and never identified another individual being involved in, or responsible for the assault. Viewing the evidence in the light most favorable to the verdict, and giving due deference to the jury's role as fact finder, the evidence is legally sufficient to support the conviction. Issue One is overruled.

In Issue Two, Appellant asserts the trial court erred by submitting a jury charge that did not require a unanimous verdict for conviction. Jury unanimity is required in all criminal convictions in Texas. *See Pizzo v. State*, 235 S.W.3d 711, 714 (Tex.Crim.App. 2007). To determine what a jury must reach its unanimous decision about, a reviewing court will examine the statute defining the offense to determine whether the Legislature intended multiple separate offenses, or a single offense with multiple methods or possible means of commission. *Pizzo*, 235 S.W.3d at 714. While jury unanimity is required as to essential elements of the offense, the jury's decision need not be unanimous regarding alternate means or methods of commission. *Id.* at 714. The reviewing court applies basic rules of grammar to the text of the applicable statute to distinguish between essential elements and non-element facts. *Pizzo*, 235 S.W.3d at 714. At a minimum, the essential elements of an offense are: (1) the subject, or defendant; (2) the main verb; (3) the direct object of the main verb, if required; (4) the specific occasion; and (5) the

requisite mental state. *Id*. at 714-15. The nonessential elements for which unanimity is not required are generally set out as adverbial phrases describing how the offense can be committed. *Id*. at 715. The unanimity requirement is not violated when the jury is given the opportunity to chose between alternative means of commission. *Id*. Accordingly, different modes of commission may be presented to a jury in the disjunctive when the charging instrument presents a single count alleging different means in the conjunctive. *Id*.

Appellant was charged pursuant to Texas Penal Code sec. 22.01, for bodily injury to a family member under subparagraph (b)(2). The essential elements required under this statute are (1) the defendant, (2) intentionally, knowingly or recklessly, (3) causes bodily harm to a family member, including the defendant's spouse. *See* TEX.PENAL CODE ANN. § 22.01(a)(1). The jury was charged as follows:

> Now, if you find and believe from the evidence beyond a reasonable doubt that on or about the 15th day of May, 2006, in El Paso County, Texas, [Appellant] did then and there intentionally, knowingly, or recklessly cause bodily injury to Margarita Davila, a member of [Appellant's] family or household, by pulling Margarita Davila's hair with [Appellant's] hand, or by grabbing Margarita Davila about the neck with [Appellant's] hand as stated in the indictment . . . .

Appellant argues, this instruction allowed the jury to convict Appellant without reaching a unanimous decision regarding the act involved. That is, Appellant argues, part of the jury could have convicted him for pulling Mrs. Davila's hair, while other jurors could have convicted him for wrapping his hand around her neck. We disagree. Neither of the acts of pulling Mrs. Davila's hair nor grabbing her neck, constitute essential elements of the charged offense in accordance with the grammatical analysis described above. Rather the jury was merely given the opportunity to consider alternative means, or methods by which Appellant committed the core of

the offense; causing bodily harm to his wife.  *See Marinos v. State*, 186 S.W.3d 167, 175 (Tex.App.--Austin 2006, pet. ref'd).  Therefore, the unanimity requirement was not violated by the charge, and we overrule Issue Two.

In Issue Three, Appellant challenges the trial court's decision to admit evidence, in the form of a stipulation, that Appellant had previously been convicted of family violence.  State's Exhibit 1, is a written stipulation in which Appellant admits that he was previously convicted of family violence.  The prosecution read the stipulation into the record before the jury during the guilt/innocence phase of trial.  Appellant argues this evidence is inadmissable under Texas Rule of Evidence Rule 403 and 404(b).

We review a challenge to the trial court's ruling regarding the admissibility of evidence for an abuse of discretion.  *Apolinar v. State*, 155 S.W.3d 184, 186 (Tex.Crim.App. 2005).  A trial court abuses its discretion when its decision lies, "outside the zone of reasonable disagreement."  *Apolinar*, 155 S.W.3d at 186.

Admitting evidence of prior convictions and other bad acts committed by the defendant is generally prohibited during the guilt-innocence phase of trial.  *See* TEX.R.EVID. 404(b).  This policy addresses the danger that a conviction made following the admission of such evidence may be based in the assumption that the accused is a criminal generally, or that he is a person of bad character, rather than on the evidence that the accused committed the specific crime charged. *See Hernandez v. State*, 109 S.W.3d 491, 494 (Tex.Crim.App. 2003).  Texas Rule of Evidence 403, prohibits the admission of evidence when the danger of unfair prejudice to the defendant substantially outweighs its probative value.  *See* TEX.R.EVID. 403.

Under Section 22.01 of the Texas Penal Code, an assault against a person's spouse is a

class A misdemeanor. TEX.PENAL CODE ANN. § 22.01(b). However, the same offense can be enhanced to a third degree felony, "if it is shown on the trial of the offense that the defendant has been previously convicted of [family violence]." *See* TEX.PENAL CODE ANN. § 22.01(b)(2).[1] These family assault provisions mirror the enhancement provisions provided for repeat DWI offenders. *See* TEX.PENAL CODE ANN. § 49.09(b)(Vernon Supp. 2008). Accordingly, while there is currently little guidance in Texas case law regarding the use of stipulations against defendant's charged under Section 22.01(b)(2), we find the analysis of similar issues in the DWI context instructive.

The Texas Court of Criminal Appeals has held that the jury may be informed of a defendant's stipulation to a prior intoxication offense during trial. *See Martin v. State*, 200 S.W.3d 635, 640 (Tex.Crim.App. 2006), *citing Hollen v. State*, 117 S.W.3d 798, 801 (Tex.Crim.App. 2003). The effect of the defendant's stipulation in the felony DWI context is to remove the State's burden to produce evidence of prior intoxication offenses, thereby limiting the prosecution's burden to the elements of the charged offense. *See Martin*, 200 S.W.3d at 641. While any evidence admitted beyond the existence of prior convictions, which is necessary to confer jurisdiction for the felony offense, raises the risk of misuse of the evidence to an

---

[1] As Appellant points out, there appears to be a split among the Texas Appellate Courts on the question of whether to treat the prior family violence requirement as an essential or jurisdictional element of the felony offense. *Compare Sheppard v. State*, 5 S.W.3d 338, 340 (Tex.App.--Texarkana 1999, no pet.)(treating prior conviction for family violence offense as an essential element of the felony assault offense); *with State v. Cagle*, 77 S.W.3d 344, 346 n.2 (Tex.App.--Houston [14th Dist.] 2002 pet. ref'd)(treating prior family violence conviction requirement as an enhancement provision rather than an essential element of the felony charge); *see also Zavala v. State*, No. 03-05-00051-CR, 2007 WL 135979, at * 1 n.2 (Tex.App.--Austin 2007, no pet.)(not designated for publication)(recognizing the split between *Sheppard and Cagle*).

intolerable level; the admission of the stipulation alone does not violate the rules of evidence. *See Hollen*, 117 S.W.3d at 801, *citing Robles v. State*, 85 S.W.3d 211, 213 (Tex.Crim.App. 2002).

The Court has further explained that allowing the jury access to the stipulation satisfies, "the evidentiary requirements regarding stipulations while avoiding the unfair prejudice that would accompany further mention of the convictions." *Hollen*, 117 S.W.3d at 801, *quoting Hernandez*, 109 S.W.3d at 495. The defendant is protected from misuse of the evidence by the requirement that once admitted, the stipulation must be accompanied by a proper jury instruction. *See Martin*, 200 S.W.3d at 641. The instruction may be made in any form so long as it sets forth the law applicable to the case; including the essential and jurisdictional elements of the offense, and the legal effect of the defendant's stipulation. *See Martin*, 200 S.W.3d at 639-40 (holding the trial court's failure to instruct the jury regarding the defendant's stipulation to prior convictions was error).

We see no reason why a stipulation to a prior family violence conviction, introduced to satisfy the requirements of Section 22.01(b)(2) should be treated differently than a stipulation introduced for similar reasons in the DWI context. The prosecution refrained from introducing any evidence beyond the Appellant's stipulation during the guilt-innocence phase of trial. In addition, Appellant was protected from potential misuse of the evidence by the trial court's limiting instruction, which the court read to the jury and which was included in the charge, as well as the instruction included in the court's charge. Therefore, in accordance with *Martin* and *Hollen*, the trial court did not abuse its discretion by admitting Appellant's stipulation to a prior family violence conviction. Issue Three is overruled.

The judgment of the trial court is affirmed.


January 29, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.
Carr, J., Not Participating

(Do Not Publish) (Publish)