COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JOHN BROWN, | § | No. 08-10-00057-CR |
| Appellant, | § | Appeal from the |
| v. | § | 205th District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20080D06301) |
| | § | |

## **O P I N I O N**

A jury convicted John Brown, Appellant, of aggravated assault with a deadly weapon and assault involving family violence. Pursuant to an agreement with the State on punishment, Appellant was sentenced to ten years' imprisonment for the former offense and granted time served on the latter. On appeal, Appellant faults the trial judge for interrupting his voir dire examination and contends that the jury charge called for a non-unanimous verdict. For the following reasons, we affirm.

## **BACKGROUND**

As Appellant does not challenge the sufficiency of the evidence, only a brief recitation of the facts is necessary. While stopped at a red light on November 27, 2008, Becky Brown, Appellant's wife, left the vehicle, and when she ran in front of it, Appellant accelerated the vehicle towards her. When Becky jumped out of the way and ran, Appellant got out, grabbed her by her hair, and punched her. Appellant then dragged Becky by the hair to the side of the road, punched her more times, and then slammed her head on the ground. When those stopped at the intersection tried to intervene, Appellant stopped his attack, returned to his vehicle, and drove away.

**VOIR DIRE**

In his first issue, Appellant contends that the trial court violated his right to a fair trial by "constantly interrupting" his attorney's voir dire examination and making improper comments to the jury. Although Appellant did not object to the complained-of interjections when they occurred, at the conclusion of voir dire, Appellant moved for a mistrial, claiming that the trial court "completely sabotaged" his voir dire and "poisoned the jury panel for my questions." However, Appellant did not obtain a ruling on his motion, and the record does not reflect any response from the State or the trial court. Thus, the State asserts that Appellant's issue is not preserved for our review.

*Preservation of Error*

The general rule is that a party must make a "timely request, objection, or motion," and obtain a ruling thereon to preserve any alleged error for our review. TEX. R. APP. P. 33.1(a)(1). That rule has certainly been applied to comments made by the trial court during voir dire. *See, e.g., Fuentes v. State*, 991 S.W.2d 267, 273 (Tex. Crim. App. 1999) (holding that appellant waived complaint about trial court's explanation of reasonable-doubt standard during voir dire by failing to renew objection when trial court repeated explanation). However, in *Blue v. State*, 41 S.W.3d 129 (Tex. Crim. App. 2000), a plurality of the Court of Criminal Appeals, relying on Rule 103's requirement that courts must take notice of fundamental errors affecting substantial rights, held that a trial judge's unobjected-to comments during voir dire so tainted the defendant's presumption of innocence such that fundamental error occurred and no objection was required to preserve the error for appellate review. *Id*. at 132 (the impermissible comments before the jury panel were that the trial judge did not want to preside over the case and would prefer it if the defendant pled guilty); *see also* TEX. R. EVID. 103. Acknowledging that no timely objection was made here, Appellant concedes that under the general preservation rules, any error is not preserved, but he urges that we should find, as

in *Blue*, that no objection was required as the judicial comments made, in his view, constituted "fundamental error." Although *Blue* is a plurality opinion and does not constitute binding precedent, *see Pearson v. State*, 994 S.W.2d 176, 177 n.3 (Tex. Crim. App. 1999); *Marshall v. State*, 312 S.W.3d 741, 744 (Tex. App. – Houston [1st Dist.] 2009, pet. ref'd), we have nonetheless reviewed the comments and conclude that no "fundamental error" occurred.

*Fundamental Error*

Due process requires a neutral and detached trial judge. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). Nevertheless, a trial judge has broad discretion in maintaining and expediting the trial. *Jasper v. State*, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001). Indeed, a judge may interject in the proceedings to correct a misstatement or misrepresentation in the testimony, or a misstatement of the law, to explain a point of law or aspect of the legal or justice system, or to clarify a point of confusion. *Id.*; *Gordon v. State*, 191 S.W.3d 721, 726 (Tex. App. – Houston [14th Dist.] 2006, no pet.). We presume that a trial court's interjections were fair and impartial absent a clear showing of bias. *Brumit*, 206 S.W.3d at 645. Therefore, we will only find fundamental error when the complained-of conduct rises "to such a level as to bear on the presumption of innocence or vitiate the impartiality of the jury." *Jasper*, 61 S.W.3d at 421. Mere expression of irritation or frustration with defense counsel does not equate to a judge's view or opinion on the defendant's case, guilt, or innocence. *Id*.

*The First Complained-of Comments*

During voir dire, counsel stated:

> What I need to know from you, each one of you, is because of the nature and the seriousness of this crime, [Appellant] is entitled to a juror who can be fair and impartial in this type of case.

> Some of you have had experiences with crimes either of this type or other

types. And I will need to know from each of you honestly whether because of the seriousness of this type of crime, whether you because of your experiences in life either with the criminal justice system or with a family member who has been involved in a similar type crime, can be fair and impartial to [Appellant] because of the type of crime it is. Okay?

Is there anybody that because of the seriousness of this type of crime that it would be impossible for you to be fair and impartial to [Appellant] today?

After four potential juror raised their hands, the trial court interjected:

Now, ladies and gentlemen, let me stress again before we all – okay – crime is bad. We don't get to decide what is a crime. The jury will decide whether this offense was committed and whether the state has proven it. Okay.

Now, I mentioned that we would like to have 15 video cameras on this. We would like to have all the social background in regard to a person if he is found guilty.

But the whole burden is on the state. And it is not an easy job. Being a juror is not an easy job. I mean we have people that are missing salaries, people – it is not an easy job whatsoever.

Now, just answering this question at this time – Mr. Storch [Appellant's counsel] – was a very proper question, you ask yourself, Hey, I can't [d]o it, just no way possible I can do it. Okay.

Five more veniremembers raised their hands. Counsel did not object to the trial court's comment but moved on, noted that the case involved family violence, and questioned the panel whether "[b]ecause of your experiences or experiences of close friends or family and the nature of that offense within a family, assaultive behavior within a family, that because of the nature of that offense, that you could not be fair . . . ." Before the panel could answer, the trial court stated:

Ladies and Gentlemen, once again, let me stress again, jury service is not easy. This case has been mistried in the past because people could not consider the law. Now, Mr. Storch is entitled to ask you these questions. He is entitled to get answers. But I want you to think very carefully before you answer a question on the thing because, as we say, murder is wrong. Family violence is wrong.

But I am saying if you are going to enforce either which way, the facts on this case – whether you had to decide this case based on the evidence that you hear in the

courtroom, not based on something that happened to your sister, brother or somebody else or happened to you.

Or not what the newspapers say. Based on the evidence that you hear in this courtroom. Proceed on.

Appellant characterizes these comments as improper, noting that they advised the jury that the case previously resulted in a mistrial, told the jurors that murder and family violence are "wrong," instructed them not to let their decision be influenced by their personal biases and sympathies, and indicated disagreement with counsel's questions. However, although the trial court improperly mentioned the previous mistrial, the single, detached remark did not suggest anything about the trial court's opinion on Appellant's guilt or innocence, nor did it suggest that Appellant was responsible for the mistrial. *Cf. Burrow v. State*, 668 S.W.2d 441, 443 (Tex. App. – El Paso 1984, no pet.) (finding remark about previous mistrial harmless). Similarly, the statement that murder and family violence are wrong are simple facts already known to the jury and correct statements of the law. *See Rogers v. State*, 662 S.W.2d 13, 18 (Tex. App. – Tyler 1983, pet. ref'd) (comment that "robbery is a felony" was common knowledge and a correct statement of the law). That remark certainly did not suggest that the trial judge believed that Appellant was guilty of those crimes in this case. Moreover, it is clear that the trial judge's remaining statements were simply clarifications, that is, that jurors must base their decisions on the evidence, not on what happened to family members or other persons they knew. *See Jasper*, 61 S.W.3d at 421 (trial judge may interject to clear up confusion or to correct a misstatement or misrepresentation). Finally, none of the comments, in our view, indicated any disagreement with counsel's questions but rather sought to make counsel's questions more easily understood by the jury panel such to expedite the process and ensure fair jurors. *Id*. In fact, the trial court noted that counsel's questions were proper. Therefore, we do not find that the first complained-of comments rose to such a level as to bear on

Appellant's presumption of innocence or that they vitiated the impartiality of the jury. *Id.*

*The Remaining Comments*

Continuing on, after the trial court finished its explanation, counsel, without objection, repeated his question:

> Let me repeat the question. Okay? So that I can – please let me – because – have you or a member of your family, friend, close associate been a victim of assaultive behavior from another member of their family in a dating relationship or in a family relationship? And if so, would this make it difficult for you to sit in this type of a case and give [Appellant] a fair hearing of the evidence?

After three veniremembers raised their hands, the trial court informed counsel that he said "difficult," that "difficult" was different from "not being able to," and that he should rephrase his question. Without any objection, counsel asked who would be unable to give Appellant a fair hearing because of their past experiences. Seven more potential jurors raised their hands.

Counsel next examined the panel on Appellant's right to remain silent, reasonable doubt, racial attitudes, and various punishment issues. Finally, counsel discussed the purposes of an objection and questioned whether the potential jurors could disregard what was said if instructed to do so by the trial court. After three veniremembers raised their hands, the trial court interjected:

> Well, let me rephrase the question because we have – (inaudible) – and they are not quite understanding the question.
>
> The rule is that a case will be tried in accordance with the evidence. Once in a while there is something said that is not according to the evidence.
>
> I tell the jury to disregard that and I will instruct them, can you disregard that and everybody raise their right hand and swear they can. But otherwise, we are going to be wasting our time in this case.
>
> I mean a person has to be strong in doing right, being a good juror and that means everything that Mr. Storch has mentioned heretofore.
>
> The right to testify, not testify. The fact that the burden is all on the state. The fact that he has to hold the state to the charges beyond a reasonable doubt.

All of these things are part of the jury system and part, just like if there is a piece of evidence that comes in and I have to include it, normally I will catch it before that and call the attorneys forward here to the Bench to talk to them.

But if a piece of evidence comes in before it is supposed to come in or can come in, I am going to instruct you not to consider that and make you-all swear that you will not consider it.

Can you do that? In an appropriate case?

Counsel did not object to the trial court's comment. When one of the veniremembers expressed difficulty in disregarding something she heard, the trial court provided additional examples of how inadmissible evidence might come to the attention of the jury. Counsel then asked if anybody could not follow the law and disregard what the trial court instructed them to disregard. Only one potential juror raised his hand.

Appellant asserts that these "interrupting" comments indicated to the jury that the judge disrespected counsel and believed that he was not asking proper questions. However, to properly qualify jurors, counsel must explain the law to the panel and then ask whether they can follow that law regardless of personal views. *See Threadgill v. State*, 146 S.W.3d 654, 667 (Tex. Crim. App. 2004). And as the propriety of a particular voir dire question is within the discretion of the court, the trial court may require counsel to rephrase vague or broad questions so that the parties may glean more relevant information from a potential juror's answer. *See Barajas v. State*, 93 S.W.3d 36, 38-39 (Tex. Crim. App. 2002).

Here, whether the jurors would find it "difficult" to "sit in this type of a case" alone was irrelevant; rather, the more appropriate question was whether, because of the nature of the case, the jurors would be unable to sit in this type of case and give Appellant a fair trial. We therefore do not find the court's request for counsel to rephrase his question improper. Moreover, the trial court's comments on objectionable evidence were merely injected to ensure that the venirepanel understood

its obligation to disregard matters not properly admitted in evidence. In other words, it was a permissible clarification. *Jasper*, 61 S.W.3d at 421; *Gordon*, 191 S.W.3d at 726-27.

In short, in determining whether fundamental error occurred, we must find that the trial court's comments impermissibly treaded on Appellant's presumption of innocence such that it vitiated the impartiality of the jury. *Jasper*, 61 S.W.3d at 421; *Gordon*, 191 S.W.3d at 726-27. The comments here, however, fail to meet that threshold and are certainly a far cry from those made in *Blue*. *See Blue*, 41 S.W.3d at 132 (the trial court commented to the panel that it did not want to preside over the case and would prefer it if the defendant simply pled guilty). Having reviewed the complained-of comments in context, we cannot conclude that any of them can be reasonably interpreted as conveying the court's opinion on Appellant's guilt or innocence, nor that they vitiated the jury's impartiality. Finding no fundamental error, we overrule Issue One.

## JURY UNANIMITY

Appellant's second issue alleges that his conviction is based on a nonunanimous verdict in violation of the federal and state constitutions, and state statutes. Specifically, he contends that the jury charge was erroneous, asserting that although it allowed the jurors to convict him of family violence assault, it did not provide that they had to agree on the way he committed the charged offense.

### *Applicable Facts*

The indictment charging Appellant with family violence assault alleged five alternate means of committing the offense. Specifically, the first paragraph alleged that Appellant pulled Becky's hair with his hand, the second paragraph alleged that Appellant dragged her across the ground using his hand, the third paragraph alleged that Appellant struck her about the face with his hand, the fourth paragraph alleged that Appellant slammed her head against the ground using his hand, and

the final paragraph alleged that he struck her about the face with his elbow. The application paragraph of the jury charge then instructed the jury that they could find Appellant guilty of family violence assault if they found, beyond a reasonable doubt, that Appellant did then and there intentionally, knowingly, or recklessly cause bodily injury to Becky by pulling her hair with his hand, by dragging her across the ground using his hand, by striking her about the face with his hand, *or* by slamming her head against the ground using his hand.[1] In other words, the court's charge stated that if the jury found from the evidence beyond a reasonable doubt that Appellant caused bodily injury to Becky, as set out in any of the paragraphs, then the jury must find Appellant guilty of family violence assault. Although Appellant objected at the charge conference that failing to require the jury to agree on the way he committed the offense would violate his right to a unanimous jury verdict under the federal and state constitutions, the trial court overruled the objection.

*Preservation of Error*

Initially, the State contends that Appellant's state constitutional argument is not preserved for our review. According to the State, Appellant's objection at the charge conference – that the disjunctive charge violated his right to a fair trial under Article I, Sections 10 and 15 of the Texas Constitution – does not comport with his assertion on appeal – that the disjunctive charge violated his right to a fair trial under Article I, Section 19, and Article V, Section 13 of the Texas Constitution. However, although the general preservation rules require that a party's complaint on appeal be the same as that made at trial, *see Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995), complaints of error in the court's charge may be raised for the first time on appeal. *See Trejo v. State*, 280 S.W.3d 258, 260 (Tex. Crim. App. 2009).

---

[1] The trial court did not include the indictment's final paragraph of conduct in the charge, and Appellant does not complain of this omission on appeal.

*Standard of Review*

In evaluating an allegation of jury-charge error, our first task is to ascertain whether there was error in the charge. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If error is found, we then review whether that error caused Appellant harm. *Id*. If Appellant did not object to the error, we review the record for egregious harm. *Id*. at 743-44. However, if he did object, we merely look for some harm. *Id*. at 743.

*Unanimity under the Federal Constitution*

Initially, we address Appellant's claim that his right to an unanimous verdict under the federal constitution was violated. Citing *Schad v. Arizona*, 501 U.S. 624, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991) (plurality op.), Appellant contends that the United States Constitution guarantees him the right to a unanimous verdict. However, *Schad* stands for no such proposition when the case concerns noncapital felonies. *See id*. at 635 n.5 (stating that a "state criminal defendant, at least in noncapital cases, has no federal right to a unanimous jury verdict"); *Hannah v. State*, No. 14-09-00283-CR, 2010 WL 1790807, at *2 n.2 (Tex. App. – Houston [14th Dist.] May 6, 2010, pet. ref'd) (mem. op., not designated for publication) (finding appellant's federal due-process complaint of juror unanimity without merit, noting that a criminal defendant, in noncapital cases, has no federal right to a unanimous verdict). Moreover, we note that although the Sixth Amendment to the United States Constitution requires juror unanimity, that provision only applies to federal criminal trials. *See Andres v. United States*, 333 U.S. 740, 748, 68 S.Ct. 880, 92 L.Ed. 1055 (1948). Although we recognize that the Sixth Amendment is applicable to the states by virtue of the Fourteenth Amendment, *see Duncan v. Louisiana*, 391 U.S. 145, 149, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), there is no authority that states the United States Constitution requires a unanimous verdict in state cases. *See Apodaca v. Oregon*, 406 U.S. 404, 411-12, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972) (the

Sixth Amendment does not require a conviction by a unanimous verdict in state court); *Phillips v. State*, 130 S.W.3d 343, 352 n.6 (Tex. App. – Houston [14th Dist.] 2004), *aff'd*, 193 S.W.3d 904 (Tex. Crim. App. 2006) (citing *Apodaca*, "The United States Constitution clearly does not grant a right to a unanimous verdict."). Accordingly, we find Appellant's federal contention without merit and will proceed to address Appellant's claimed right to unanimity under Texas law only.

*Unanimity under the Texas Constitution and Statutes*

Our state constitution requires that a jury verdict in a felony case be unanimous, and under our state statutes, unanimity is required in all criminal cases. TEX. CONST. Art. V, § 13; TEX. CODE CRIM. PROC. ANN. art. 36.29 (West Supp. 2010); *Stuhler v. State*, 218 S.W.3d 706, 716 (Tex. Crim. App. 2007). Unanimity, according to the Court of Criminal Appeals, means that every juror must agree that the defendant committed the same, single, specific criminal act. *Ngo,* 175 S.W.3d at 745. It does not mean, however, that jurors must unanimously agree that the defendant committed that crime in one specific way or even with one specific act. *Id*. at 746; *Landrian v. State*, 268 S.W.3d 532, 535 (Tex. Crim. App. 2008) (citing *Jefferson v. State*, 189 S.W.3d 305, 312 (Tex. Crim. App. 2006)). Indeed, while jury unanimity is required as to the essential elements of the statutory criminal offense, their decision need not be unanimous regarding the means or methods of commission, if alternate means and methods are alleged. *See Pizzo v. State*, 235 S.W.3d 711, 714 (Tex. Crim. App. 2007).

Here, Appellant was charged with assault to a family member. By statute, the essential elements of that offense are that (1) Appellant (2) intentionally, knowingly, or recklessly (3) caused bodily harm to Becky, his spouse. *See* TEX. PENAL CODE ANN. § 22.01(a)(1) (West 2011). How Appellant caused the bodily harm was not a statutory element but rather a means or method. *See Davila v. State*, No. 08-07-00041-CR, — S.W.3d —, 2009 WL 222143, at *2 (Tex. App. – El Paso

Jan. 29, 2009, no pet.) (not yet reported) (finding no violation of unanimity requirement when disjunctive charge allowed jury to convict defendant of assault causing bodily injury to a family member by either grabbing victim's hair or grabbing victim about the neck). In other words, the jury simply needed to agree that he committed the assault, not how he committed it. And as the jury charge here correctly required unanimity on the core essential statutory elements, the jury was not required to unanimously agree on how the assault occurred, that is, on a specific way such as pulling Becky's hair, dragging her across the ground, striking her about the face, or slamming her head against the ground. *Id.*

Finding no violation of Appellant's right to jury unanimity under Texas law, we hold that the charge contained no error. Accordingly, we need not assess harm and overrule Appellant's second issue.

## CONCLUSION

Having overruled Appellant's issues, we affirm the trial court's judgment.


GUADALUPE RIVERA, Justice

July 13, 2011

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)