**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00282-CR**
_____

**FRANCIS BRYANT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 14-19502**

**MEMORANDUM OPINION**

Francis Bryant appeals his conviction for assaulting a public servant. In four

appellate issues, Bryant complains about the admission of opinion testimony and the

alleged violation of his right to a unanimous verdict. We affirm the trial court's

judgment.

Background

A grand jury indicted Bryant for assaulting Joey Plessala, a public servant, by

hitting Plessala with his hand, scratching Plessala with his finger, and kicking

1

Plessala with his foot. The indictment also alleged that Bryant had prior convictions for felony offenses. Bryant pleaded not guilty and his case was tried before a jury.

During the trial, Officer Joey Plessala of the Port Arthur Police Department testified about his encounter with Bryant. Plessala observed Bryant in the parking lot of a convenience store at two-thirty in the morning holding a weed eater, which Bryant said he found on the side of the road. The owner of the store asked Plessala to remove Bryant from the property because Bryant had refused the owner's requests to leave. Bryant was agitated, extremely nervous, and tried to walk away several times while Plessala was speaking to him. While investigating Bryant for trespassing, Plessala patted him down for weapons and asked for consent to search his pockets for anything illegal. Bryant consented and Plessala found a crack pipe in Bryant's pocket. While attempting to place Bryant under arrest for possession of drug paraphernalia, Bryant resisted being handcuffed and then pulled away and ran.

Plessala chased Bryant, and Bryant turned around and took an aggressive fighting stance. When Plessala tried to tackle him, Bryant punched Plessala on the neck. Plessala wrestled with Bryant on the ground, but Bryant got away. Plessala pursued Bryant, and Bryant squared off with him a second time. At that point, Plessala deployed his pepper spray, but according to Plessala, it did not seem to have any visible effect on Bryant.

When the prosecutor attempted to ask Plessala why the pepper spray had no effect on Bryant, Bryant's counsel objected based on speculation. The prosecutor argued that Plessala could answer the question based on his training and experience. The trial court overruled the objection and allowed Plessala to offer his opinion. Plessala testified that "[i]n the past it has not affected people who have been on some type of substance - - high[,]" or intoxicated on crack or alcohol. During cross-examination, Bryant's counsel asked Plessala at what point he thought Bryant was under the influence of some agent, and Plessala testified "[r]ight away." Bryant's counsel then asked what Plessala thought it was and Plessala stated "I don't know." Plessala went on to explain that he "didn't think it was liquor[,]" and that he "didn't think it was PCP, didn't smell marijuana, crack cocaine doesn't have a smell, and there was a burned crack pipe in his pocket." During redirect, Plessala testified that he has a lot of experience dealing with people who are high on crack cocaine or other narcotics and that Bryant exhibited the same symptoms, and that because he found a crack pipe in Bryant's pocket, Bryant was most likely on cocaine.

After Plessala deployed his pepper spray, Bryant ran off without holding his eyes. Plessala pursued and tackled Bryant, and Bryant kicked him in the hip, knocking him back. At that point, Bryant charged Plessala, clawed Plessala's neck with his fingernails, and ran away. Plessala called for help and when Bryant came at him again, Plessala struck Bryant with his tactical baton. Plessala was surprised

3

when the baton ricocheted out of his hand and failed to stop Bryant. Bryant stood up and Plessala struck him in the face with his fist, which stunned Bryant. Plessala was then able to put Bryant in a headlock until officers arrived to assist with Bryant's arrest. Plessala testified that according to Bryant's statement, Bryant "was going to do everything he could not to go to jail[,]" and based on Bryant's posture, Bryant wanted to hurt him.

A jury found Bryant guilty of assaulting a public servant. Following the punishment phase, the jury found Bryant had been previously convicted of one felony offense and assessed punishment at fifteen years in prison and a $10,000 fine. The trial court rendered judgment on the jury's verdict.

## Admission of Opinion Testimony

In issues one and two, Bryant raises evidentiary challenges regarding the trial court's admission of opinion testimony. We review the trial court's decision to admit evidence for abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). In issue one, Bryant challenges the trial court's decision allowing Officer Plessala to testify that Bryant was intoxicated when the offense occurred. According to Bryant, the trial court allowed Plessala to speculate that Bryant was high on illegal drugs or alcohol because he was unaffected by Plessala's use of pepper spray. Bryant argues that Plessala should not have been allowed to testify over his objection because the State failed to prove Plessala was an expert or

4

establish that Plessala's training and experience qualified him to render an opinion on the effects of intoxicants. Bryant complains that Plessala's testimony was unfounded opinion testimony and should have been limited under Rule 701 of the Texas Rules of Evidence. According to Bryant, Plessala's improper speculation bolstered the State's position.

To preserve error in admitting evidence, a party must make a timely and proper objection and get a ruling. Tex. R. Evid. 103(a)(1); Tex. R. App. P. 33.1(a). Additionally, a party must either object each time the inadmissible evidence is offered or obtain a running objection. *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003). Error in admitting the evidence, if any, is cured when the same evidence comes in elsewhere without objection. *Id.* The record shows that in addition to the objected-to testimony regarding Bryant being intoxicated, Plessala testified on two other occasions, without objection, regarding his opinion that Bryant was intoxicated. Because Plessala testified without objection to Bryant's intoxication, Bryant has not preserved error for our review. *See Lane v. State*, 151 S.W.3d 188, 192-93 (Tex. Crim. App. 2004) (holding that any error in the admission of the objected-to testimony was cured because appellant failed to object each time the inadmissible evidence was offered). We overrule issue one.

In issue two, Bryant argues that the trial court allowed Officer Eric Thomason to interpret the acts that Plessala described to the jury and to offer his opinion on

5

whether the acts demonstrated that Bryant was guilty of assaulting a public servant. According to Bryant, this allowed Thomason to express an opinion as to Bryant's guilt.

At trial, Bryant objected to Thomason's testimony based on relevance and the subjective and speculative nature of the question. Bryant made no objection on the basis that Thomason was being asked to provide an opinion as to Bryant's guilt. Our review of the record shows that Bryant's objections to Thomason's testimony fail to comport with the argument he now makes on appeal. *See Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) ("The point of error on appeal must comport with the objection made at trial."); *Ward v. State*, No. 01-08-00513-CR, 2009 WL 5174228, at *3 (Tex. App.—Houston [1st Dist.] Dec. 31, 2009, pet. ref'd) (mem. op., not designated for publication) (stating that relevance and speculation objections failed to comport with argument on appeal claiming officer provided an opinion as to defendant's guilt). We conclude that Bryant has not preserved this issue for review. *See* Tex. R. App. P. 33.1(a); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). We overrule issue two.

Unanimous Verdict

In issues three and four, Bryant complains that his constitutional and statutory right to a unanimous verdict was violated. In issue three, Bryant argues that the State submitted evidence that he committed three separate assaults as alleged in the

indictment. Bryant points to testimony the State elicited from Plessala showing that Bryant assaulted Plessala three times. According to Bryant, the allegations went beyond describing the manner and means of committing one offense of assault because the State emphasized that the offense occurred three different times. The record shows that Bryant did not object when Plessala testified that Bryant assaulted him three times.

In issue four, Bryant contends that during closing argument, the prosecutor misstated the law concerning the necessity of a unanimous verdict. Bryant argues that to assure that the jury understood that Bryant had committed three separate assaults on a public servant, the prosecutor stressed that there were three separate offenses and that the jury need not reach a unanimous verdict. According to Bryant, the prosecutor misled the jury by informing them that unanimity was not required regarding the allegations in the indictment and the manner or means of committing the offense. Bryant failed to object to the prosecutor's closing argument, but contends the prosecutor's misstatement of the law is fundamental error. In criminal cases, courts may "take notice of a fundamental error affecting a substantial right, even if the claim of error was not properly preserved." Tex. R. Evid. 103(e).

The indictment alleged that Bryant committed the offense of assault on a public servant by (1) hitting the complainant with his hand, (2) scratching the complainant with his finger, and (3) kicking the complainant with his foot. During

7

the trial, Plessala testified that Bryant committed three assaults. During closing argument, the prosecutor represented to the jury that the State had alleged three different ways in which Bryant committed assault and that the jury did not have to unanimously agree on which one of the three occurred. The prosecutor stated, "if you are unanimous that an assault occurred, the manner of which, which there are three possible, that's enough for a conviction[.]" "[Y]ou don't have to be unanimous on which one of them it was, as long as you are unanimous that at least one of those three happened." Bryant did not object to the prosecutor's closing argument. Bryant also failed to object to the court's charge.

The Texas Constitution and the Code of Criminal Procedure require that the jury in a criminal case reach a unanimous verdict. Tex. Const. art. V, § 13; Tex. Code Crim. Proc. Ann. art. 36.29(a) (West Supp. 2015); *Ngo v. State*, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005). Unanimity means that the jurors must agree that the defendant committed one specific crime. *See Landrian v. State*, 268 S.W.3d 532, 535 (Tex. Crim. App. 2008). However, that does not mean that the jury must unanimously find the defendant committed the crime in one specific way or even with one specific act. *Id.* "It is appropriate where the alternate theories of committing the same offense are submitted to the jury in the disjunctive for the jury to return a general verdict if the evidence is sufficient to support a finding under any of the theories submitted." *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991).

8

"The unanimity requirement is not violated by instructing the jury on alterative theories of committing the same offense," and a jury argument referring to such is permissible. *Martinez v. State*, 129 S.W.3d 101, 103 (Tex. Crim. App. 2004).

Bryant contends that the State presented three separate assaults in the disjunctive and not merely alternative theories of committing one assault. We disagree. The indictment alleges that Bryant "did then and there intentionally and knowingly cause bodily injury to another, namely: JOEY PLESSALA, a public servant . . . [.]" A person commits assault by bodily injury by intentionally, knowingly, or recklessly causing bodily injury to another. *See* Tex. Penal Code Ann. § 22.01(a)(1) (West Supp. 2015).[1] Bodily injury assault is a result-oriented assaultive offense. *Landrian*, 268 S.W.3d at 536. The jury was merely given the opportunity to consider the alternate means or methods by which Bryant committed the core offense, which is causing bodily injury to Plessala. *See Davila v. State*, 346 S.W.3d 587, 591 (Tex. App.—El Paso 2009, no pet.).

The acts of hitting, scratching, and kicking Plessala are merely alternative means by which Bryant may have committed the assault, and while jury unanimity is required as to the essential elements of the offense, the jury's decision need not be unanimous regarding alternate manner or means of commission. *See id.* at 590

---

[1]We cite to the current version of the statute because the subsequent amendment does not affect the outcome of this appeal.

(citing *Pizzo v. State*, 235 S.W.3d 711, 714 (Tex. Crim. App. 2007)). Because the jurors were not required to agree upon a single manner or means, Bryant was not denied his right to a unanimous verdict or harmed by the prosecutor's closing argument. *See Martinez*, 129 S.W.3d at 103. We overrule issues three and four. Having overruled all of Bryant's issues, we affirm the trial court's judgment.

      AFFIRMED.

                                _____
                                  STEVE McKEITHEN
                                  Chief Justice

Submitted on May 4, 2016
Opinion Delivered June 15, 2016
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.